MOORE *v.* MOORE.

1. APPEAL AND ERROR—SUPREME COURT HEARS CHANCERY CASES
   DE NOVO — DECREES OF LOWER COURT NOT REVERSED UNLESS
   EQUITY DEMANDS IT.

   Although the Supreme Court hears chancery cases *de
   novo*, decrees of the lower court are not reversed unless
   persuaded that they are not in accordance with the just
   rights of the parties.[1]

2. DIVORCE—PROPERTY SETTLEMENT EQUITABLE.

   A decree of divorce to the wife awarding her the furni-
   ture and the home subject to a lien in the husband's
   favor for $500, from which was to be deducted costs, and
   giving him a vacant lot worth about $500, and requiring
   him to pay $5 a week for the support of a minor son,
   whose custody was given to the wife, *held*, an equitable
   division of their property.[2]

3. SAME—AWARD FOR SUPPORT OF CHILD MAY BE MODIFIED IF CON-
   DITIONS CHANGE.

   Should conditions change, application may be made to
   the circuit court in chancery to modify the award for the
   support of the minor son.[3]

Appeal from Kalamazoo; Weimer (George V.), J.
Submitted April 7, 1925.     (Docket No. 23.)     De-
cided May 14, 1925.

Bill by Leonard Moore against Ida Moore for a
divorce.   Defendant filed a cross-bill for a divorce.
From a decree for defendant respecting alimony, she
appeals.   Affirmed.

*R. G. Goembel,* for plaintiff.

*Jackson, Fitzgerald & Dalm,* for defendant.

[1]Appeal and Error, 4 C. J. § 2867; [2]Divorce, 19 C. J. § 776;
[3]Id., 19 C. J. § 819.

231—Mich.—14.

FELLOWS, J. Plaintiff filed a bill for divorce. Defendant countered with a cross-bill. Decree passed on the cross-bill. Defendant appeals from the division of the property. Plaintiff resides at Kalamazoo and is employed at common labor most of the time. For the year preceding the hearing he earned $930 and sent about $300 of it to defendant, who lived at Constantine. The parties own a vacant lot in Fort Wayne, Indiana, worth about $500. They also own a home at Constantine; plaintiff claims it is worth $3,000; defendant claims it is worth but $2,200; it is incumbered in the sum of $1,000. The record fairly shows that around $3,000 has been put into it and the court found the equity to be worth $1,500. The furniture is insured for $1,500 but the trial judge was impressed that it was not worth that amount. Defendant claims to have paid for all of it herself, while plaintiff claims he paid for the most expensive pieces. Plaintiff has an old automobile and some stock in a company for which he formerly worked; both are worthless. The decree gave the defendant the furniture and the home at Constantine subject to a lien on the home in plaintiff's favor for $500 from which was to be deducted the costs, the lien to be paid in two years with interest at 3 per cent. and gave plaintiff the vacant lot in Fort Wayne. Plaintiff was ordered to pay $5 a week for the support of a minor son, aged 11 years, whose custody was given defendant. Defendant has an interest of at least $2,000 in her mother's estate. Plaintiff has no property except as herein stated.

We hear chancery cases *de novo;* but we do not, and should not, reverse decrees unless we are persuaded they are not in accordance with the just rights of the parties. We are not so persuaded in the instant case. We think the decree makes an equitable division of the little property these parties possess. The boy seems to have had considerable illness but

is now more robust and well advanced in school. Should conditions change application may be made to the circuit court in chancery to modify the award for his support.

The decree will be affirmed.    Neither party will have costs in this court.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.