BURDICK v. STEBBINS.

1. NUISANCE—DRY CLEANING PLANT.
   Dry cleaning plant is not nuisance *per se,* but want of care in storing and using cleaning instrumentality may constitute the place a nuisance *per accidens.*

2. SAME—INJUNCTION—REGULATION.
   Dry cleaning plant not being nuisance *per se,* adjoining property owners can ask for no more than regulation sufficient to prevent it from becoming nuisance *per accidens.*

Appeal from Ingham; Carr (Leland W.), J. Submitted April 16, 1930. (Docket No. 131, Calendar No. 34,730.) Decided June 2, 1930.

Bill by Austin F. Burdick and others against Francis B. Stebbins to enjoin the maintenance of a dry cleaning establishment upon certain property. From a decree permitting maintenance under regulation, plaintiff Burdick and another appeal. Affirmed.

*Dwight L. Wilson,* for plaintiffs.

*Carl H. Reynolds,* for defendant.

WIEST, C. J. This is a suit to enjoin maintenance of a dry cleaning plant upon property of defendant immediately adjoining the premises of plaintiffs. Plaintiffs Austin F. Burdick and Bishop Realty Company appealed from a decree permitting operation of the plant under restrictions.

An explosion in this plant, in January, 1929, wrecked the operating room, caused damage to ad-

joining buildings, and brought fear of repetition to owners and occupants in the neighborhood, and, it is claimed, that the menace of a possible future explosion interferes with advantageous rentals and uses of adjoining premises. While defendant is situated in a block, now mainly used for residence purposes, the district is zoned for business. After the mentioned explosion, defendant applied for and was granted a building permit.

A dry cleaning plant is not a nuisance *per se.* Want of care in storing and using the cleaning instrumentality may constitute the plant a nuisance *per accidens.* The regulations, restrictions, and inspections fixed by the circuit judge are, under the evidence, well calculated to prevent a nuisance *per accidens.* The plant not being a nuisance *per se,* plaintiffs can ask for no more than regulation sufficient to prevent it from becoming a nuisance *per accidens.*

The decree provides:

"That said defendant, Francis B. Stebbins, be and is hereby enjoined from operating and carrying on said business of a dry cleaning plant at the point and place designated and referred to in the bill of complaint and answer except on the conditions and restrictions following, viz.:

"*A.* That the building in which the dry cleaning plant be conducted and operated shall comply and conform in all respects to the laws of the State of Michigan and the ordinances of the city of Lansing now in force or that may be passed in relation to the buildings in which dry cleaning plants may be operated.

"*B.* The machinery and equipment used and operated in the conducting and carrying on said dry cleaning proposition within said building, shall be of the most modern type and efficiency especially

in relation to safety; the washers, tumblers and all other apparatus wherein any of the explosive or inflammable liquids are used shall be equipped with self-closing doors, commonly called "explosion doors," that in case of an explosion, the doors will close at the same time and not permit the escape of gases and also protect the fluids or liquids within said tanks from becoming ignited. And the proper device shall be attached to all machinery used and operated in which inflammable or explosive liquids are used to prevent the escape of explosive or inflammable gases. The washers and all equipment from which gases might escape shall be equipped with a grounding device to direct off static electricity. In fact, all modern appliances shall be used that tend to the protection against fire and explosion.

"*C.* No liquids shall be used in or about said dry cleaning plant with a flash point below 100 degrees F. closed cup test.

"*D.* The chief of the fire department of the city of Lansing, Michigan, or such other person as this court may designate and direct, are hereby authorized to visit and inspect said dry cleaning plant at all reasonable times and hours for the purpose of determining and ascertaining whether the terms of. this decree are being complied with and for the purpose of so determining, it shall be the duty of each or either of said parties to take samples of said liquid used in said dry cleaning plant and have the same tested by a competent person and said person so visiting and inspecting said plant shall from time to time report his findings of the conditions of said plant and the test of the liquid used in the operation of said plant, to this court, and shall without delay should he discover any violations of this decree, report the same promptly to this court.

"*E.* Should it be determined by this court that said defendant, his successors or assigns, are vio-

lating this decree by not complying with the terms and conditions thereof, this court reserves the authority to forthwith issue an injunction to the operator or operators of said plant, restraining them from further operating said dry cleaning plant.

"It is further ordered, adjudged and decreed, that either party to this action may at any time petition this court for a modification of the decree."

The decree is affirmed, with costs to defendant.

BUTZEL, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.