DE LONGPRE *v.* CARROLL.

1. NUISANCE—NOISES—ODORS—QUESTION OF FACT.
   Noises which are unreasonable in degree, considering the neighborhood in which they occur and all the attending circumstances, or stenches which contaminate the atmosphere to such an extent as to substantially impair the comfort or enjoyment of adjacent premises may constitute a nuisance as a matter of fact rather than law, as no one is entitled, in every location and circumstance, to absolute quiet, or to air utterly uncontaminated by any odor whatsoever, in the use and enjoyment of his property.

2. APPEAL AND ERROR—VIEW OF PREMISES—CREDIBILITY OF WITNESSES.
   The Supreme Court, being limited to a perusal of the record on appeal from a decree in suit to enjoin operation of a dog kennel as a private nuisance, should not reverse or modify the decree entered unless persuaded it is not in accordance with the just rights of the parties, since the trial court is in a much better position to pass upon the credibility of the witnesses and was aided by his own view of the premises.

3. NUISANCE—INJUNCTION—SUBURBAN AREA—DOG KENNEL.
   Injunctive relief was properly denied neighbors of defendant dog kennel operator in suburban area partially devoted to commercial purposes, where there is competent evidence to support finding of trial judge that such area was not unreasonably interfered with by defendant's kennels which were in excellent condition, very clean and so operated as not to constitute a nuisance. .

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur, Nuisances §§ 47, 59.
[2] 3 Am Jur, Appeal and Error § 883.
[3] 39 Am Jur, Nuisances § 65.
   Dogs as nuisance.  79 ALR 1060.

Appeal from Kent; Verdier (Leonard D.), J. Submitted October 3, 1951. (Docket No. 26, Calendar No. 45,209.) Decided December 3, 1951.

Bill by Roy de Longpre and others against Nettie Carroll and another to enjoin operation of a dog kennel because it was a private nuisance. Bill dismissed. Plaintiffs appeal. Affirmed.

*Irving H. Smith,* for plaintiffs.

*Linsey, Shivel, Phelps & Vander Wal,* for defendant Nettie Carroll.

DETHMERS, J. Defendant Nettie Carroll owns and operates kennels housing a large number of dogs at a location about a mile outside the city of Grand Rapids. There are several commercial establishments in the immediate vicinity, including a beer tavern, a garage, a drive-in restaurant, a bait sales place, a trailer camp, a resort pavilion and a trailer sales and camp supplies business, and also, within a radius of a quarter of a mile therefrom, about 20 homes. Some of the occupants keep chickens, horses or dogs on and about their premises. Plaintiffs reside in the neighborhood. They brought this suit to enjoin operation of the kennels, charging that they constitute a private nuisance by reason of noisome odors and noises emanating therefrom. From decree dismissing plaintiffs' bill of complaint, they appeal.

Testimony in behalf of plaintiffs strongly supported their claims of nuisance. That adduced in behalf of defendant discounted plaintiffs' claims and tended to show that defendant's business was well conducted, did not unreasonably interfere with others in the neighborhood in their use and enjoyment of their homes and places of business and was

not, under all the circumstances, a nuisance. After hearing all the testimony and inspecting the premises and observing the manner of conducting the business and the conditions there existing the trial judge concluded that plaintiffs' claims and testimony as to noises and smells were exaggerated, that defendant's recent installation of a gas incinerator for disposal of kennel refuse had remedied such condition relating to odors as may theretofore have existed, that the kennels were in excellent condition and very clean and that, as a matter of fact, the operation of the kennels did not constitute a nuisance.

Plaintiffs cite *Ensign* v. *Walls,* 323 Mich 49, and a number of other cases in support of their position. As we view it, however, the difficult question presented is one not so much of law as of fact. Did a nuisance exist as a matter of fact? The law applicable is not so difficult of ascertainment. No one is entitled, in every location and circumstance, to absolute quiet, or to air utterly uncontaminated by any odor whatsoever, in the use and enjoyment of his property; but when noises are unreasonable in degree, considering the neighborhood in which they occur and all the attending circumstances, or when stenches contaminate the atmosphere to such an extent as to substantially impair the comfort or enjoyment of adjacent premises, then an actionable nuisance may be said to exist; and in applying these tests the question presented is one of fact rather than law. See 39 Am Jur, Nuisances, §§ 47, 53, 59, and *People* v. *Wabash R. Co.,* 197 Mich 404, and *Waier* v. *Peerless Oil Co.,* 265 Mich 398. In affirming the trial court's finding of fact that a nuisance existed in the *Ensign Case,* this Court said:

"Plaintiffs' witnesses testified to conditions of such character as to clearly constitute a nuisance. On the other hand, defendant and her witnesses

claimed that the business was well conducted and was not so obnoxious in character as to interfere with plaintiffs or other residents in the neighborhood in the use and enjoyment of their homes. The trial judge inspected the premises of the defendant, and it appears from the record that his observations confirmed, in many respects at least, the proofs offered by plaintiffs with reference to the existing conditions. * * *

"As before stated, the testimony of the witnesses for the plaintiffs was not in accord with that given by the defendant and by others in her behalf. It was therefore for the trial court to weigh the conflicting testimony and to determine the actual facts. In so doing he was aided by his own observations of the premises and the manner in which the business was conducted. In *Northwest Home Owners Ass'n* v. *City of Detroit,* 298 Mich 622, 643, it was said:

" 'We are appreciative of the fact that the trial court is in a much better position to pass upon the credibility of the witnesses than is the appellate court, by reason of the opportunity as well as the advantage of seeing and hearing the witnesses during their examination, direct and cross. The appellate court is limited to a perusal of the record. We should not, therefore, reverse or modify the decree entered herein unless we are persuaded that it is not in accordance with the just rights of the parties. *Langdell* v. *Langdell,* 285 Mich 268; *Moore* v. *Moore,* 231 Mich 209.'

"The principle stated in the language above quoted may well be applied in the case at bar. It is apparent from the record that the facts were gone into fully and carefully by the trial judge. The finding as to the facts was clearly supported by proofs and justified the conclusion that defendant's business constituted a nuisance as to the plaintiffs. * * *

"Looking to all the facts and circumstances involved, the question invariably presented is whether

the discretion of the court should be exercised in favor of the parties seeking relief."

Similarly, in the instant case, we conclude that the trial court's finding of facts, supported by competent evidence, ought not to be disturbed by us and, being unpersuaded that it is contrary to the just rights of the parties, that the decree ought not to be modified or reversed.

Decree affirmed.	Costs to defendant Nettie Carroll.

Reid, C. J., and Boyles, North, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.