### CROOKER *v.* CROOKER.

1. PARTNERSHIP—ACCOUNTING—HOURLY WAGES OF PARTNERS—BUSINESS EXPENSES—DIVISION OF PROFITS AND LOSSES.

   Plaintiff's claim that hourly wages, received for work during 15-month period involved in suit for accounting against his former partners, were to be treated as partnership business expenses and that profits and losses were to be determined after deduction thereof, rather than being charged to the capital accounts of the partners receiving the same, *held,* supported by record presented on appeal.

2. APPEAL AND ERROR—REFEREE'S REPORT—OPINION ON DENIAL OF REHEARING—PARTNERSHIP BOOKS—EVIDENCE OF INTENT.

   The report of the referee to whom a partnership accounting case had been referred for the taking of testimony and the opinion of the trial court denying defendants' motion for rehearing are not necessarily binding upon the Supreme Court, since it hears such a case *de novo;* hence, the failure of the referee and trial judge to consider the partnership books as evidence of the intent of the partners would not be cause for reversal.

3. SAME—CHANCERY CASES—DE NOVO REVIEW—REVERSAL.

   The Supreme Court hears chancery cases *de novo,* but does not reverse decrees made by the trial court unless convinced they are unfair and inequitable and not in accordance with the just rights of the parties.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted June 16, 1954. (Docket No. 85, Calendar No. 46,209.) Decided September 8, 1954.

Bill by William E. Crooker against Alfred P. Crooker and Gordon H. Crooker for accounting and

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur, Partnership §§ 123, 350.
[2, 3] 3 Am Jur, Appeal and Error §§ 815, 895.

damages arising from partnership association. Decree for plaintiff. Defendants appeal. Affirmed.

*Dell & Heber (Harry N. Dell,* of counsel), for plaintiff.

*James N. McNally,* for defendants.

BOYLES, J. This is a suit for an accounting and other equitable relief. Plaintiff and defendants, and, at times 2 others, had been partners in a manufacturing business. It is undisputed that until June 30, 1947, each partner worked for the partnership, drawing a $60 weekly wage, that such payments of wages were entered on the books as business expenses, and that after the deduction thereof the profits or losses were determined and apportioned among the partners in accord with their respective partnership interests. At that time dissatisfaction existed with the drawing of equal weekly wages by each of the partners because some of them were putting in less time working for the partnership than others. Accordingly, as of that date, they ceased drawing weekly wages, a time clock was installed to record the time worked by each, and each commenced drawing therefor at an hourly rate of $1.25. In October, 1948, plaintiff left to take employment elsewhere. Thereafter he brought this suit and was granted a decree awarding him $1,401.81, from which defendants appeal.

Plaintiff claims that the hourly wages received for work after June 30, 1947, were to be treated as partnership business expenses, as in the past, and that the profits or losses of the partners were to be determined after deduction thereof. On that basis he would be entitled to the amount awarded by the trial court. Defendants, on the other hand, contend that the partners had agreed when the change was

made from weekly wages to hourly rates that the amounts so received for work performed should no longer be treated as business expenses of the partnership but, instead, should be charged to the capital accounts of the partners receiving the same, respectively, with the effect that the partners who worked the most and consequently drew the largest sums at the $1.25 hourly rate would be diminishing their proportionate interest in the partnership accordingly, while the interest of the partners working fewer hours and, hence, drawing less would correspondingly increase. Such, say the defendants, was the solution agreed upon by the partners for the dissatisfaction with an equal weekly wage for unequal services rendered by the several partners. If defendants are correct the plaintiff owes them $44.16. The question of whether the sums withdrawn by partners for work performed after June 30, 1947, were to be treated as a partnership business expense, as plaintiff contends, or charged to the capital account of the respective partners, as defendants claim, is the controlling question of fact, which we, hearing the case *de novo,* determine from the entire record.

Plaintiff and a former partner, who was not shown to have any financial interest in the outcome of this litigation, testified affirmatively that the hourly wages were to be treated as business expenses, as the weekly wages had been before. The 2 defendants testified to the contrary. The defendants called as witnesses another former partner and a former employee, both of whom gave some testimony in support of defendants' version, but, on cross-examination and questioning by the court, and at times even on direct examination, revealed, unwittingly or otherwise, that there never had been a meeting of the minds between the partners for the arrangement as contended for by defendants. It runs counter to reason that the dissatisfaction on the part of

the partners doing the most work was corrected and alleviated by an agreement on their part which manifestly would work an even greater prejudice to their rights and interests.

It would serve no purpose to recount the several portions of the testimony which we deem persuasive. It is sufficient to say that we have carefully reviewed the record and conclude that it supports plaintiff's position.

The defendants, for reversal, complain that the partnership books should have been considered as evidence of the intent of the partners; and claim that the report of the referee to whom the case was referred to take testimony, and the opinion of the trial court denying their motion for a rehearing, failed to do so. The report, and the opinion of the trial court, are not necessarily binding here. *Milgrom* v. *Investment Management Co.*, 326 Mich 401, 408. We hear the case *de novo*. Other questions raised by appellants have been considered but are not controlling of the result.

"It is not the policy of this Court to reverse decrees unless convinced that they are unfair and inequitable. In *Moore* v. *Moore,* 231 Mich 209, at 210, Justice FELLOWS said:

" 'We hear chancery cases *de novo;* but we do not, and should not, reverse decrees unless we are persuaded they are not in accordance with the just rights of the parties.' " *Langdell* v. *Langdell,* 285 Mich 268, 271.

See, also, *Rinke* v. *Rinke,* 330 Mich 615, 630.

Decree affirmed. Costs to plaintiff.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, REID, DETHMERS, and KELLY, JJ., concurred.