**HARVEY B. COLLINS, Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS OF THE**

**UNITED STATES, et al., Defendants**

Civil No. 27-1963

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 21, 1964

*See, also, 236 F. Supp. 441*

MAAS & IRELAND (THOMAS D. IRELAND, of counsel), Charlotte Amalie, Virgin Islands; BELLI, ASHE & GERRY (MELVIN M. BELLI, of counsel), San Francisco, Calif., *for plaintiff*

FRANCISCO CORNIERO, Attorney General, Charlotte Amalie, Virgin Islands, *for defendant*

GORDON, *District Judge*

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### BACKGROUND STATEMENT

This is an action for damages by Harvey B. Collins, (affectionately called by his friends "Rip" Collins) against the Government of the Virgin Islands, George Wade, Sr., Audrey Todman, Luther Benjamin, Clifford Benjamin and "John Doe".

The Government of the Virgin Islands was named as a defendant by authority contained in Bill No. 1719 of the Fifth Legislature of the Virgin Islands of the United States where it waived the immunity of the Government of the Virgin Islands to suit.

The plaintiff, on October 27, 1964, moved to dismiss the action as against all defendants except the Government of the Virgin Islands. The motion has been granted and George Wade, Sr., Audrey Todman, Luther Benjamin and Clifford Benjamin, have been dropped from the case.

The plaintiff was represented by Maas and Ireland (Thomas D. Ireland, Esq., of counsel) of Charlotte Amalie, Virgin Islands and Belli, Ashe & Gerry (Melvin M. Belli, Esq., of counsel) of San Francisco, California.

The defendant, Government of the Virgin Islands, was represented by the Attorney General of the Virgin Islands, Francisco Corniero, Esq.

The trial of this case before the Court without a jury commenced on October 27, 1964. The Court heard the testimony of witnesses and arguments of counsel and on Octo-

ber 30th, 1964, took the matter under advisement. The Court has reviewed the testimony of all the witnesses, the exhibits, has done extensive legal research in the matter and makes the following:

## FINDINGS OF FACT

### I

Harvey B. Collins is a citizen of the United States, and on February 3rd and 4th, 1961, was a member of the United States Navy Underwater Demolition Team 21 temporarily stationed in St. Thomas, Virgin Islands of the United States.

### II

On February 4th, 1961, plaintiff Harvey B. Collins was 30 years of age, and in excellent health. His life expectancy would be forty additional years.

### III

The Virgin Islands of the United States are an unincorporated territory of the United States of America created by the Organic Act of 1936 (Act of Congress, June 22, 1936, Ch. 669, 49 Stat. 1807) and the Revised Organic Act of 1954 (Act of Congress, July 22, 1954, Ch. 558, 68 Stat. 497).

### IV

At all times stated herein the Harwood Highway was and still is a public street, thoroughfare, and highway on the Island of St. Thomas, Virgin Islands of the United States. The said highway was and is the property of, and under the control of, the Government of the Virgin Islands of the United States.

### V

On January 22, 1963, the Fifth Legislature of the Virgin Islands of the United States passed Bill No. 1719 wherein

it waived the immunity of the Government of the Virgin Islands to suit, and granted plaintiff the right to proceed against the Government as in the case of any other defendant in connection with personal injuries sustained by plaintiff arising out of an automobile accident of February 4, 1961, which is the subject of the complaint herein. The said Bill was signed by the Governor of the Virgin Islands and became effective on January 25, 1963.

## VI

It is the duty and responsibility of the Government of the Virgin Islands through its departments and agencies to administer for the protection of persons and property within the jurisdiction of the Virgin Islands; to keep the public highways in good serviceable condition and to repair and maintain same; and to administer, supervise, and enforce the regulations and laws covering the operation and control of motor vehicles and use of the streets and highways, and direct and control traffic and supervise and enforce the laws relating thereto; and to protect persons and property, including users of public highways, and to enforce obedience to the laws, and to rules and regulations issued in pursuance of law, throughout the Virgin Islands. The Government of the Virgin Islands has admitted to these duties and responsibilities.

## VII

On February 3, 1961, George Wade Sr., while operating the truck of Luther Benjamin and while the said truck was traveling in a westerly direction and at approximately two o'clock p.m. on February 3, 1961, did, as a result of two (2) flat tires on the right rear of the vehicle, stop, park and abandon the said truck in the traveled portion of Harwood Highway, and in an area where parking is prohibited by law, to wit: on the South side of Harwood Highway to the

East of the submarine base road intersection and at a point approximately South of that building known as Arthur's Bamboushay Club. The truck was a Chevrolet truck modified to a dump truck, which was loaded with several tons of wet sand. The two right rear wheels were removed and its right rear axle rested upon concrete blocks. The said truck was parked and abandoned at a spot in a main highway on the island of St. Thomas, at a point where the highway is twenty-four (24) feet wide. The truck completely blocked the left lane of the highway, which is the lane traveled by users of the highway in the Virgin Islands.

## VIII

The plaintiff was driving westerly on Harwood Highway in a Volkswagen "Microbus" at about 2:45 a.m. on Saturday, February 4, 1961, at which time the plaintiff struck the rear end of the truck.

## IX

From the time the truck was parked and abandoned, at approximately 2:00 p.m. on February 3, 1961, until sometime after the accident occurred at 2:45 a.m. on February 4, 1961, the truck bore no reflectors, no tail lights nor any warning devices of any kind. There were no flares, barriers, or lights of any description to mark its presence on the highway.

## X

The defendant Government of the Virgin Islands; through its agent police officers of its Department of Public Safety, had actual knowledge that the said truck was abandoned on the Harwood Highway without any warning devices to note its presence, and were aware that it constituted a danger, hazard, and nuisance for a period of at least two hours and forty-five minutes before plaintiff struck it.

At about midnight February 3–4, a citizen telephoned the police department and reported the truck's presence on the highway without lights, reflectors or other warning devices and advised the police department that he had almost collided with the truck and suggested that warning devices be placed around the truck to avoid an accident. At approximately 12:30 a.m., February 4th, a police cruiser containing two police officers, on routine patrol noted the presence of the truck, stopped and looked at it. They considered it a sufficient hazard, nuisance, and danger to attempt to locate flares to place around the truck, but did not do so because the flares were "not available" or "locked-up". The police continued on their routine inspection trip to the west of the location of the truck returning approximately one and a half hours later when they again noted the truck as a danger, hazard and nuisance. They then returned to police headquarters and had noted in the police logbook:

"2:00 a.m. Patrolman Colon and Niles present from making an inspection of Bourne Field, Sub-Base, French Town and reported all quiet and that there is a dump truck park (sic) on the Harwood Highway."

The police officers took no steps whatsoever to warn users of the highway of this abandoned unlighted truck which they, the police officers, recognized as a distinct danger, hazard, and nuisance. The police officers had ample time, capacity and ability, before the accident, to mark the truck in such a manner as to warn users of the highway of its presence.

After the accident, the same police officers placed a flashlight on the rear of the truck to mark its presence.

## XI

A number of citizens narrowly missed crashing into the truck during the evening and night hours of February 3–4,

1961. Two drivers would probably have struck the truck had not last minute warnings been shouted by another person in the car, seated to the right of the driver, permitting the driver to swerve into the other lane.

## XII

The abandoned truck was situated on a straightaway just after a curve to the left. The absence of lights or reflectors on the truck, its color, the background and overhead foliage, the position of street lights, and the truck's location combined to create a hazard, danger and nuisance to users of the highway.

## XIII

The plaintiff, Harvey B. Collins, is and was a total abstainer from alcoholic beverages, a non-drinker, and was sober at the time of the accident.

## XIV

At approximately 2:45 a.m. on February 4, 1961, the plaintiff, while driving alone in a westerly direction, struck the abandoned unlighted truck from the rear. The physical evidence together with the testimony of the plaintiff's expert in this case, show that the plaintiff swerved his vehicle to the right at the last moment in an apparent effort to avoid the truck. The left front cab of plaintiff's vehicle was stuck in under the bed of the truck. The plaintiff was pinned in his vehicle. Citizens arrived upon the scene within minutes. One of the first to arrive on the scene was a physician. The plaintiff was semiconscious and in pain. Rescuers used pieces of wood, iron bars and a cutting torch to extricate the plaintiff from his vehicle. Considerable damage was caused to the plaintiff's vehicle from these rescue operations. The abandoned truck was virtually undamaged.

## XV

As a direct result of the accident and the negligence of the defendant, the plaintiff has suffered the following:

a. Permanent brain damage from a compound depressed skull fracture in the left frontotemporal area with motor aphasia and hemiparesis. Three operations have been performed. The first on February 4, 1961, and the second on February 5, 1961, were life saving operations during which fragments of bone and blood clots were removed from the plaintiff's brain substance. Portions of the brain substance were also removed. Damage to the plaintiff's brain substance has affected those areas controlling reasoning, speech, reading, writing, the emotions and personality.

b. The plaintiff suffered a right side paralysis and now is a partial paraplegic on his entire right side including involvement of his sexual organ and inability to use his right hand.

c. The plaintiff is an epileptic, with grand mal seizure, and must remain upon Delantin and Phenobarbital as anticonvulsant medication. He has had at least three grand mal seizures since the accident. There is no cure for plaintiff's epilepsy.

d. Further brain surgery may be necessary to prevent further grand mal seizures.

e. The plaintiff is unable to read or write as a result of the permanent brain damage.

f. The plaintiff is subject to bizarre personality changes; he suffers from temper tantrums and abnormal emotional outburst.

g. The plaintiff cannot drive an automobile.

h. The plaintiff is the sole supporter of his wife and two minor children.

i. The plaintiff is totally and permanently injured and is unemployable with the possible exception that he may be

able to do custodial work providing he is able to control his temper and emotional disturbances.

j. The plaintiff has reached the maximum of physical and mental improvement possible. No further recovery can be expected.

k. The plaintiff will need permanent future medical care.

## XVI

At the time of the accident the plaintiff had an earning capacity of at least four hundred and seven dollars ($407.00) per month and an assured job that would have brought him a salary up to seventy-eight hundred dollars ($7800.00) within five (5) years.

## XVII

The reasonable value of the plaintiff's past medical expenses is ten thousad dollars ($10,000.00).

## XVIII

The reasonable estimated value of the plaintiff's future medical expense is ten thousand dollars ($10,000.00).

## XIX

There is no evidence that the plaintiff was driving other than with due care. The plaintiff suffers from retrograde amnesia and has no recollection of the accident or anything prior thereto for a period of up to fifteen minutes prior to the accident. There is no evidence to rebut the presumption that plaintiff was driving with other than due care. There is no evidence that the plaintiff was guilty of contributory negligence.

## XX

The negligence of the Government of the Virgin Islands was the proximate cause of the accident and of plaintiff's injuries.

The Court concludes from the foregoing Findings of Fact the following:

CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and this cause of action.

■ 2. The defendant Government of the Virgin Islands was negligent in that its agent employees did, after due notice, both actual and constructive, of the existence of a hazard, nuisance and breach of the laws on the Harwood Highway, wilfully fail to keep the said highway in a reasonably safe condition and did wilfully fail to administer, supervise and enforce the regulations and laws covering the operation of motor vehicles and use of the streets and highways and did fail to protect the users of said highway; and did after due notice both actual and constructive, of the existence of the said hazard, nuisance and resulting breach of the laws wilfully fail to mark the said truck's presence with appropriate lights or flares and did wilfully fail to warn the users of the highway of its location; and did wilfully allow the said dangerous condition and nuisance to remain for many hours and negligently and wilfully failed and neglected to take any precaution whatsoever to remove, abate, diminish, offset or counteract this dangerous condition and nuisance.

3. The abandoned truck constituted a *public nuisance* and an *absolute nuisance* unlawful under the Virgin Islands Code. (Prosser, Law of Torts § 70 (1955); 14 V.I.C. §§ 1461, 1462; 20 V.I.C. §§ 463(d), 497(d), 20 V.I.R.&R. § 491–106; 23 V.I.C. § 96.)

4. The officials of the Government of the Virgin Islands violated the law and were negligent by maintaining the public nuisance and by wilfully omitting to perform their legal duty to remove the public nuisance or take steps to abate or offset it as a public nuisance. (3 V.I.C. §§ 252, 257;

96

23 V.I.C. §§ 1, 2, 6; 20 V.I.C. § 491; 23 V.I.C. §§ 94, 96, 125; 14 V.I.C. §§ 1461, 1462; Taylor v. City of Cincinnati, 143 Ohio St. 426, 55 N.E.2d 724, 728.)

5. The misconduct of defendant in omitting to perform its duties was wanton and wilful.

6. Defendant's acts and omissions were the proximate cause of plaintiff's injuries.

■ 7. The plaintiff was not guilty of contributory negligence. (Restatement of Torts, Sec. 477. The burden of establishing the plaintiff's contributory negligence rests upon the defendant.)

■ 8. The plaintiff can recover a verdict in excess of his ad damnum clause. (Rule 54(c) Federal Rules of Civil Procedure; Federal Practice and Procedure, Barron & Holtzoff, Vol. 3, § 1194; Couto v. United Fruit Co., C.A.2d, 1953, 203 F.2d 456; Audi Vision Inc. v. RCA Mfg. Co., C.C.A.2d, 1943, 136 F.2d 621, 147 A.L.R. 574.)

9. Plaintiff is entitled to recover for damages: (see Leming v. Oilfield Trucking Company, 282 P.2d 23)

| | |
|---|---:|
| a. Medical services incurred | $ 10,000.00 |
| b. Loss of past earnings | 22,000.00 |
| c. Future medical expense | 10,000.00 |
| d. Loss of future earnings | 238,000.00 |
| e. Pain and suffering, including pain and suffering and physical discomfort from injuries and resulting operations and treatment, and continuing pain and suffering from injuries and partial right side paralysis, past and future, embarrassment, humiliation and ridicule, including loss of enjoyment of life, and including loss of compatability with his wife and loss of sexual enjoyment, past and future | 270,000.00 |

Plaintiff shall recover from defendant the total sum of $550,000.00