CULLUM v. TOPPS-STILLMAN'S, INC.

1. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW.
Facts of a case on appeal are reviewed *de novo* on the record, where the matter involved is one which formerly would have been an equity proceeding.

2. NUISANCE—QUESTION OF FACT.
Determination of nuisance is a matter of fact in each case and must be decided as such upon those facts peculiar to the situation.

3. SAME—FINDING OF TRIAL COURT—EVIDENCE—INCINERATOR.
Finding by trial court of existence of a private nuisance in defendant department store owner's operation of incinerator is not set aside under adequate evidence introduced by both the defendant and nearby residents, plaintiffs, where the trial court heard the testimony, and actually visited the residential area concerned making his own observation of the existing conditions.

4. SAME—INCINERATOR—PER SE.
An incinerator is not a nuisance *per se*.

5. SAME—INCINERATOR—PER ACCIDENS.
An incinerator found to be a private nuisance is not a nuisance in and of itself but because of the manner in which it is operated, that is, a nuisance *per accidens*.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 703.
[2] 39 Am Jur, Nuisances § 145.
[3] 39 Am Jur, Nuisances § 143.
[4, 5] 39 Am Jur, Nuisances § 94.
[5, 6] 39 Am Jur, Nuisances § 11.
[7, 8, 13] 39 Am Jur, Nuisances § 183 *et seq.*
[10, 11] 39 Am Jur, Nuisances § 128 *et seq.*
[14] 5 Am Jur 2d, Appeal and Error § 1014.

6. Same—Remedy for Nuisance Per Accidens—Regulation—Abatement.

The remedy for a nuisance *per accidens* is regulation, and if that fails, there remains abatement.

7. Same—Incinerator—Abatement by Operator.

Defendant incinerator operator, willing to attempt to correct the operation, found to have been a private nuisance, is afforded another opportunity to bring the operation within limits acceptable to the court so as no longer to constitute a nuisance.

8. Same—Removal of Incinerator.

Incinerator's removal on aesthetic grounds would not be remedy made available where nuisance found to exist is *per accidens,* since such order would be treating as a nuisance *per se* an actionable nuisance resulting from method of operation and the inadequate design of the incinerator, not the fact that it exists.

9. Judgment—Measure of Relief.

A final judgment should grant the relief to which the party in whose favor it is rendered is *entitled,* even if it had not been demanded in his pleadings (GCR 1963, 518.3).

10. Nuisance—Award—Court Rules.

The amount of an award in suit to abate a nuisance should be controlled by the interpretation of language of court rule limiting a final judgment to relief to which the party in whose favor it is rendered is entitled (GCR 1963, 518.3).

11. Same—Award—Attorney Fees—Photographer—Real-Estate Expert.

Award of $1,750 for attorney fees, $305.31 photographer and other out-of-pocket expenses, and $50 for service of real-estate expert *held,* relief to which plaintiff residents were not entitled in action against department store to abate a private nuisance arising from operation of incinerator (GCR 1963, 518.3).

12. Same—Covenant Running With the Land.

Land purchaser which did not contract to refrain from erecting an incinerator in connection with its proposed use as a department store may not be permanently restrained from doing so by means of the imposition of a recorded covenant running with the land, notwithstanding its erection and operation to date has been found to have constituted a private nuisance.

13. Same—Remand for Abatement.

Case arising from operation of an incinerator which trial court had found to have been so operated as to constitute a nuisance is remanded for opportunity afforded to defendant to bring

operation within limits acceptable to the circuit court, with direction to enjoin operation if such abatement is not effected within a reasonable time.

14. Costs—Opportunity for Abatement—Each Party Prevailing in Part.

No costs are allowed on appeal from decree declaring operation of incinerator a nuisance, where case is remanded for another opportunity to effect an abatement within a reasonable time or submit to injunction, since both parties have prevailed in part.

Appeal from Wayne; Culehan (Miles N.), J. Submitted Division 1 February 9, 1965, at Detroit. (Docket No. 272.) Decided April 19, 1965. Leave to appeal denied by Supreme Court July 14, 1965.

Complaint by Dean L. Cullum and others against Topps-Stillman, Inc., a corporation, for abatement of nuisance. Judgment for plaintiffs. Defendant appeals. Remanded for modification.

*Goldman & Grabow,* for plaintiffs.

*Honigman, Miller, Schwartz & Cohn (Maurice S. Binkow* and *Asher Rabinowitz,* of counsel), for defendant.

Watts, J. This is an appeal from a judgment in the Wayne county circuit court which found that the presence and operation of an incinerator near a residential neighborhood was a private nuisance and ordered its abatement and removal. The court also allowed the plaintiffs $2,105.31 and costs.

Topps-Stillman's, Inc., defendant-appellant, contends that the record of the proceedings in the lower court does not support this finding or, in the alternative, if the incinerator did constitute a nuisance that the remedy should have been regulation of it and not its removal. Defendant-appellant, herein-

after referred to as Topps, also urges on appeal that the $2,105.31 award for fees and expenses of the plaintiffs-appellees in preparing their case was illegal.

It is well-established Michigan law that in a matter which formerly would have been an equity proceeding the facts of the case are reviewed *de novo*. *Quackenbush* v. *Quackenbush* (1943), 305 Mich 704; *Kren* v. *Rubin* (1953), 338 Mich 288. The facts of the case are relatively simple, and we have examined the facts from the record.

On March 29, 1962, the defendant Topps acquired property in Redford township from plaintiffs Dean L. Cullum and Harold D. Cullum for the purpose of building and operating a department store. This property was adjacent to a subdivision known as Westgate Park which had been subdivided and developed by these plaintiffs.

The property acquired by Topps had previous to the purchase been rezoned commercial, partially due to the efforts of the Cullums. There is some indication in the testimony that Topps would not construct an incinerator in conjunction with the operation of its store. However, the lower court found that there was no contractual obligation on the part of Topps to refrain from constructing or using an incinerator.

On August 20, 1962, Topps was granted a permit to construct an incinerator on its premises.

On October 2, 1962, Topps opened its store for business and until December, 1962, used a rubbish haul-away service to remove debris accumulated through its operations. The incinerator, which gave rise to this nuisance action, was installed and began operation in December, 1962.

The residents of the Westgate Park subdivision immediately began registering complaints with Topps and with the Redford township authorities

regarding smoke, odor, and ash. On July 18, 1963, the plaintiffs began this action.

In August, 1963, Topps dismantled the original incinerator and installed a second incinerator which was put into use. The trial court found that the defendant regarded the first incinerator admittedly defective. From the record and from the findings of fact, the second incinerator appears to have functioned in a manner not appreciably different than the first incinerator. In an attempt to regulate the ash, the disagreeable odors, and the smoke, Topps, on September 10, 1963, installed a water-spraying system within the incinerator which was meant to control the problem. The lower court found, however, that this regulatory device was ineffective and that a nuisance existed.

In deciding whether the lower court erred as defendant-appellant claims by making a finding of nuisance, we must keep in mind that each determination of nuisance is a matter of fact and must be decided as such upon those facts peculiar to the situation. *Township of Garfield* v. *Young* (1957), 348 Mich 337. In this case defendant argues that it has a right to carry on its business; that it is carrying on its business in a properly zoned area; that it was authorized to build and to operate the incinerator in question; and, further, that the incinerator is not emitting an amount of smoke, ash, and odor enough to constitute a nuisance. Topps has presented considerable testimony and records of tests carried out to establish that the incinerator is being operated so as not to be a nuisance to the plaintiffs.

On the other hand, plaintiffs have also presented a substantial amount of testimony by the householders in the Westgate Park subdivision. They stated that the incinerator emitted unreasonable

amounts of smoke, produced unreasonably offensive odors, and deposited an unreasonable amount of ash in their homes, on their lawns, and on their driveways.

This Court notes that in nuisance cases feelings run high on both sides and it is very hard to evaluate the testimony and evidence on appeal. In the record there is adequate testimony and proof on the part of both parties. As we previously stated, the determination in a nuisance case is one based on the facts. For this reason and because of the difficulty in evaluating evidence on appeal, we will not set aside the finding of nuisance by the trial court. *deLongpre* v. *Carroll* (1951), 331 Mich 474. That court was present during the entire proceeding, heard the testimony, actually visited the residential area concerned, and made his own observation of the existing conditions. It was his finding that the operation of the incinerator at that time constituted a private nuisance. We affirm that finding.

We must now consider carefully the remedy required to justly settle the rights of both parties.

An incinerator is not a nuisance *per se*. *Sommers* v. *City of Detroit* (1938), 284 Mich 67. The incinerator in this case is a nuisance not in and of itself but because of the manner in which it is operated, that is, a nuisance *per accidens*. The remedy for a nuisance *per accidens* is regulation. Or, if regulation cannot be made in the operation of the offending incinerator, the abatement of the incinerator is the remaining remedy. *Adams* v. *Kalamazoo Ice & Fuel Co.* (1938), 245 Mich 261.

The record indicates that Topps, at the time of litigation, was willing to make any reasonable improvements to bring the incinerator within a level of operation which would not constitute nuisance. While there is some question in the mind of this

Court as to the good faith of defendant Topps in its previous dealings with the plaintiffs, we feel that defendant should be allowed to exert further effort to ameliorate the current offenses caused by the operation of the incinerator.

This Court suggests that if defendant Topps truly attempts to correct the present situation, perhaps through the use of cottrells or an afterburner in the incinerator (which is admittedly at this time self-firing) or through some other method, the operation of the incinerator could be brought within limits which would be acceptable to the circuit court and would therefore no longer constitute a nuisance.

While it would undoubtedly be desirable from the point of view of the plaintiffs that the incinerator be removed on aesthetic grounds, the Court does not find that this remedy is available in the case of a nuisance *per accidens*. *Adams* v. *Kalamazoo Ice & Fuel Co., supra.* To go one step further and order the defendant to tear down the incinerator would be to treat it as a nuisance *per se,* which it is not. The actionable nuisance here results from the method of operation and the inadequate design of the incinerator, not the fact that it exists.

Considering the expenses allowed by the circuit court, we find there is little authority to support the award made by the lower court. While it may be argued that GCR 1963, 518.3 could substantiate an award, the case law which plaintiffs present to support their position is not strong and the authority cited is chiefly from Michigan cases which can be distinguished on the facts, or dicta, from foreign jurisdictions. We believe that the controlling language is found in GCR 1963, 518.3:

"Every final judgment shall grant the relief to which the party in whose favor it is rendered is

entitled, even if the party has not demanded such relief in his pleadings."

The word "entitled" is extremely important in the instant case. The award should be controlled by the interpretation of this language. In the opinion of the lower court, it was found as the fourth conclusion of law:

"I conclude that plaintiffs shall be entitled to the following: For preparation of the case, five days at $150 per day, and four days trial work at the rate of $250 per day, for a total of $1,750, to be allowed as attorney fees; out-of-pocket expenses of $305.31, including a motion picture photographer; $50 for one day's service of a real-estate expert; and costs to be taxed."

From the judgment of the lower court, we quote as follows:

"It is further ordered and adjudged that in accordance with conclusion of law No. 4 contained in the opinion of this court, plaintiffs recover of defendants the sum of $2,105.31 and costs to be taxed in accordance with the court rules in such case made and provided."

In order to sustain an award of this nature, there must be some justification in the record of the lower court to show that the party is indeed "entitled" to such an award under the general court rule. We find no such justification in the record for the said award and order that the award of $2,105.31 not be allowed.

We further order the lower court to vacate that part of the judgment ordering complete and permanent removal of the incinerator within 90 days. The provision that permanent restraint be made a matter of record with the register of deeds of Wayne county with the same force and effect as a covenant running with the land shall also be vacated.

The case is remanded to the circuit court of the county of Wayne for proceedings in accordance with this opinion. The circuit court shall maintain its jurisdiction over this matter. If defendant Topps does in fact bring the operation of the incinerator within limits acceptable to the lower court, there will be no nuisance. However, if within a reasonable time it is unable to bring the operation of the incinerator to a level where no nuisance is found by the lower court, the court then shall see to it that the nuisance is abated by the only other means available; namely, enjoining operation of the incinerator.

Remanded to the circuit court of the county of Wayne. No costs on this appeal, both parties having prevailed in part.

LESINSKI, C. J., and McGREGOR, J., concurred.