FORTIN *v.* VITALI

1. PARTIES — REAL PARTIES IN INTEREST — HOMEOWNERS — PRIVATE NUISANCE.

   Homeowners resident near a source of discomfort constituting a private nuisance are real parties in interest in an action seeking abatement of the nuisance (GCR 1963, 201.2).

2. SAME—TRANSFER OF INTEREST—EFFECT.

   A transferor of an interest may continue an action brought in his original capacity unless the court on motion directs that the person to whom the interest was transferred be substituted in the action or joined with the original party (GCR 1963, 202.2).

3. SAME—CAPACITY TO SUE—NONPROFIT ASSOCIATION—QUESTION NOT REACHED.

   The question of the capacity of a nonprofit homeowners association to bring an action to abate a nuisance need not be reached where other plaintiffs are clearly proper parties to the action.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  39 Am Jur, Nuisances § 120 *et seq.*
[2]  39 Am Jur, Nuisances § 122.
[3]  39 Am Jur, Parties § 103 *et seq.*
[4]  39 Am Jur, Nuisances §§ 7–9.
[5–7]  39 Am Jur, Nuisances § 146 *et seq.*

4. Nuisance—Abatement—Public Nuisance—Private Nuisance.

Contention of defendants, mushroom farmers conducting composting operation, that nuisance arising from that operation is a public and not a private nuisance and therefore subject to abatement only by public authority *held*, not supported by record which sustains trial court's finding of private nuisance consisting of invasion of plaintiffs' right of enjoyment of their property by odors from defendants' farms.

5. Same—Abatement—Discontinuance of Business.

The discontinuance of a business enterprise has been ordered by courts only where it is essential to the abatement of a private nuisance.

6. Same—Abatement—Discontinuance of Business.

Necessity of remedy of injunction against composting operation which is an integral part of defendant's mushroom farming *held*, not established in action by nearby homeowners for abatement of nuisance.

7. Same—Abatement—Circuit Court—Jurisdiction.

The circuit court has continuing jurisdiction over the abatement of a nuisance and can oversee efforts of defendants to reduce noxious effects of composting operation in connection with mushroom farming; therefore Court of Appeals remands case to circuit court for allowance of such efforts in case in which Court of Appeals finds circuit court to have failed to strike an equitable balance of the conflicting interest of mushroom farmers and nearby residents (MCLA § 600.2940).

Appeal from Macomb, Spier (James E.), J. Submitted Division 2 January 10, 1967, at Lansing. (Docket No. 1,260.) Decided January 31, 1969.

Complaint by Gerald Fortin, Sarah Fortin, Southwest Shelby Home Owners Association, a Michigan nonprofit association, and others against Robert Vitali and others and Compost, Inc., a Michigan corporation, for injunction against composting operation as a nuisance. Judgment for plaintiffs. Defendants appeal. Reversed and remanded.

*Mather* and *Glime,* for plaintiffs.

*Robert E. Childs,* for defendants.

CANHAM, J. Plaintiff homeowners sought and obtained injunctive relief from the invasion of their property by an odor emanating from compost piles mixed on defendants' farms. This is an appeal from the order of the circuit court enjoining the defendants to cease their composting operation.

Defendants are mushroom growers in Shelby township, Macomb county, whose operations require the maintenance of large compost piles which are the source of the neighboring plaintiff homeowners' discomfort. This compost is a mixture of straw, grain, and horse manure, a conglomeration that is mixed, fermented, remixed and watered in preparation for its use in the growing of mushroom crops. A fresh batch of compost is mixed for each mushroom crop grown, and winds in warm weather waft strong smells from this compost onto plaintiffs' nearby property. The circuit court found that the evidence produced at trial established the existence of a private nuisance, an invasion of the plaintiffs' interest in the enjoyment of their property. The trial court entered an original judgment on August 23, 1965, finding the nuisance to exist and ordering certain measures designed to abate the noxious effects of defendants' composting operations. The trial court entered a subsequent order on September 22, 1966, ordering cessation of the composting operations. From this order defendants appeal, claiming that an equitable balancing of interests should not require them to shut down the composting operations on which their competitive position as mushroom farmers depends.

Defendants challenge plaintiffs' capacity to sue, but we find that their standing is clearly established. Plaintiffs Sarah and Gerald Fortin were, when suit was filed, homeowners resident near the source of the discomfort constituting a private nuisance; clearly they were real parties in interest under GCR 1963, 201.2. The Fortins sold their home prior to trial and are no longer resident in the area, but GCR 1963, 202.2 expressly permits the transferor of an interest to continue an action brought in his original capacity. The remaining individual plaintiff homeowners enjoy present possessory interests in property invaded by noxious odors, and they were properly joined as parties plaintiff, GCR 1963, 206.1. Challenge is made to the capacity to sue of the plaintiff Southwest Shelby Home Owners Association standing alone, but since the individual parties plaintiff are clearly proper parties, it is not necessary to decide this question.[1]

The original complaint alleged the existence of both a public and a private nuisance. Defendants contend that the nuisance, if any, is public in character and that, therefore, abatement must be by public authority and not by the action of these private parties. But the record clearly sustains the trial court's finding of the existence of a private nuisance, the invasion by odors of plaintiffs' right to the enjoyment of their property. *Rohan* v. *Detroit Racing Association* (1946), 314 Mich 326 (166 ALR 1246); *MacKenzie* v. *Frank M. Pauli* (1919), 207 Mich 456 (6 ALR 1305).

The farming operations of defendants were begun in the period between 1938 and 1948. Plaintiffs moved into their homes near defendants' farms some

---

[1] In cases beyond numbering, of course, private property associations, together with individual property owners, have sued for the protection of property interests. See *e.g. Taylor Avenue Improvement Ass'n* v. *Detroit Trust Co.* (1938), 283 Mich 304.

time after 1958, when the neighboring area was sub-divided. We think it would be inequitable for these defendant farmers, who have conducted for many years a lawful business not a nuisance *per se,* now to be enjoined from continuing their operations, if it is at all possible to devise a remedy that can substantially eliminate the composting operation's noxious effects. *Ballantine* v. *Webb* (1890), 84 Mich 38 (13 LRA 321); *Rohan* v. *Detroit Racing Association, supra; Adams* v. *Kalamazoo Ice & Fuel Co.* (1928), 245 Mich 261; *Burdick* v. *Stebbins* (1930), 250 Mich 665; *Cullum* v. *Topps-Stillman's* (1965), 1 Mich App 92. Only where it has been essential to the abatement of a private nuisance have courts ordered the discontinuance of a business enterprise. *Ensign* v. *Walls* (1948), 323 Mich 49; *Mitchell* v. *Hines* (1943), 305 Mich 296.

We conclude from this record that the necessity for the drastic solution reached by the circuit court has not been demonstrated. We consider that under the continuing jurisdiction of the circuit court[2] a satisfactory means can be worked out to abate the nuisance complained of without requiring the defendants to shut down the composting operation which is an integral part of the mushroom farming to which they have devoted long years of investment and labor. This Court, in *Cullum* v. *Topps-Stillman's, supra,* remanded to the circuit court with an order to maintain jurisdiction over the operation of an incinerator giving off smoke and odors. Similarly, we remand here to the circuit court for continuing jurisdiction in order to work out an equitable solution to this problem of conflicting interests. If experience should show that no reasonable means can be worked out to enable this composting operation to

---

[2] MCLA § 600.2940 (Stat Ann 1962 Rev § 27A.2940). Jurisdiction of circuit court over abatement of nuisances.

continue without causing serious noxious effects constituting a private nuisance which invades the plaintiffs' interest in their land, then it may be necessary in the future for the circuit court to order the discontinuance of the composting operation.

Reversed and remanded for proceedings consistent with this opinion. No costs, neither party having prevailed in full.

LESINSKI, C. J., and McGREGOR, JJ., concurred.