FORTIN v. VITALI

NUISANCE—PRIVATE NUISANCE—NOXIOUS ODORS—INJUNCTION—DIS-
CRETION.

    Granting a permanent injunction requiring the abatement of
the production and accumulation of a compost used in the
growing of mushrooms was not an abuse of discretion where
the compost, produced by fermenting a mixture of straw,
grain, and horse manure, caused a strong, noxious odor and
flies, where the defendant farmers have neither been able
to control the odors nor brought forth any plan that can
reasonably be expected to solve the problem, and where
defendants have had considerable opportunity to devise
methods for reduction of the nuisance, but have been un-
successful.

    Appeal from Macomb, James E. Spier, J. Sub-
mitted Division 2 November 5, 1970, at Lansing.
(Docket No. 9042.) Decided December 8, 1970.

    Complaint by Gerald Fortin and Sarah Fortin,
Southwest Shelby Home Owners Association, and
others against Robert Vitali and others and Com-
post, Inc., for injunction against composting opera-
tion as a nuisance. Injunction granted. Defend-
ants appeal. Affirmed.

    *Mather, Glime & Daoust,* for plaintiffs.

    *Robert E. Childs,* for defendants.

REFERENCE FOR POINTS IN HEADNOTE
39 Am Jur, Nuisances § 59.

Before: Bronson, P. J., and Fitzgerald and Churchill,* JJ.

Per Curiam. The present case is a sequel to *Fortin* v. *Vitali* (1969), 15 Mich App 657. The defendants are mushroom farmers. To grow mushrooms it is necessary to use compost which defendants produce by fermenting a mixture of straw, grain and horse manure. This process produces highly offensive odors as a result of which a group of homeowners sought to have the composting operations enjoined.

When the case was first heard by this Court, we agreed with the trial court's conclusion that the composting operations constituted a nuisance. However, we reversed the trial court's order that all composting be discontinued and remanded the case in the hope that a way could be found to allow the farmers to continue composting without infringing on the rights of others in the neighborhood.

The case was remanded on January 31, 1969, the Court stating:

"[W]e remand here to the circuit court for continuing jurisdiction in order to work out an equitable solution to this problem of conflicting interests. If experience should show that no reasonable means can be worked out to enable this composting operation to continue without causing serious noxious effects constituting a private nuisance which invades the plaintiffs' interest in their land, then it may be necessary in the future for the circuit court to order the discontinuance of the composting operation."

On October 8, 1969, plaintiffs filed a motion in the trial court for an order to show cause why further composting should not be enjoined. Testimony was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

taken, plaintiffs producing 13 witnesses who stated that there were strong odors and flies. The motion was granted and the court entered an order on February 2, 1970, enjoining further composting.

On the basis of the evidence as set forth in the record, we must conclude that the efforts to control the odors, which included increased chemical spraying and reduced production, have been unsuccessful and that the defendants have not brought forth any plan that can reasonably be expected to solve the problem. As a result, the area still smells and defendants have not shown otherwise. In its earlier opinion, the trial court indicated that it had visited the area and was quite aware of noxious odors. Defendants have had considerable opportunity to devise methods for reduction of the nuisance, yet all have failed for the odor still persists. On these facts we must affirm the judgment of the circuit court. *Trowbridge* v. *City of Lansing* (1927), 237 Mich 402.

Affirmed. Costs to plaintiffs.