**STANIS J. DEERY, Plaintiff**

v.

**JAMES MOORHEAD, Defendant**

S.C. No. 204-1971

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

June 1, 1972

ARNOLD M. SELKE, ESQ., *for the defendant*

ALPHONSO A. CHRISTIAN, ESQ., *for the plaintiff*

HOFFMAN, *Judge*

### MEMORANDUM OPINION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

This action involving an automobile collision was instituted on September 7, 1971, in the Small Claims Division of the Municipal Court. Subsequently, the defendant appeared by counsel, Arnold M. Selke, Esq., and the Court entered an Order transferring the matter to the Civil Division on October 1, 1971. Thereafter the plaintiff also retained counsel, Alphonso A. Christian, Esq.

On an evening in early September of 1971 the plaintiff's son borrowed his father's car, a 1969 VW, and drove it to the vicinity of Solberg Hill where he parked it on the road which passes by Maison Greaux. Some five hours later, shortly before midnight on this rainy evening, the son became aware that his father's vehicle had been struck by a vehicle driven by the defendant.

As the events are related by the defendant, he was traveling in a westerly direction on a road which rises to a crest at a point in front of Maison Greaux and then curves to the south. The defendant contends that he was highly familiar with the road and that he was proceeding at a rate of ten miles per hour as he reached the crest. Upon reaching the crest and while negotiating the curve to the

100

left, the defendant saw on the left side of the road a VW Microbus not involved in this action. The defendant admitted that it was raining and that he was unable to stop. He contends that his attempt to stop to avoid hitting the parked Microbus caused him to skid across to the right side of the road, thus colliding with plaintiff's VW.

■ In his Answer and at trial the defendant has argued that the plaintiff is barred from recovery by reason of contributory negligence. The defendant contends that the plaintiff was parked too close to the curve in the road where a "no parking" sign was posted and that the plaintiff was parked on the wrong side of the road. There was also testimony regarding the amount of plaintiff's car which was actually on the roadway pavement. The Court is guided, however, by the rule that the defendant has the burden of establishing plaintiff's contributory negligence. Restatement, Second, Torts § 477; Collins v. Government of the Virgin Islands of the United States (D.C.V.I. 1964) 5 V.I. 87, 233 F.Supp. 441.

Specifically, the Court finds that the driving conditions at the time of the accident were hazardous; it was nighttime and it was raining. The Court finds that during the five hour period while the plaintiff's car was parked several cars passed by it and concludes from the testimony that there was sufficient space between the plaintiff's car and the vehicle on the other side of the road to allow drivers to safely pass between the two. The police officer who was originally subpoenaed by the defendant testified to this effect and the Court considers this evidence of high caliber.

■ As a standard of conduct of a reasonable man, the Court adopts in this situation the requirements imposed on all drivers in the Virgin Islands under 20 V.I.C. 494(a). See: Restatement, Second, Torts § 286. The defendant stated that he was highly familiar with the road, but ad-

101

mitted that he was unable to stop in time to avoid the collision. The Court finds that the defendant's violation of the command of 20 V.I.C. 494 (a) was unexcused and that this unexcused violation constitutes negligence per se. See: Restatement, Second, Torts § 288B.

With regard to the question of negligence on the part of the plaintiff the Court finds that the defendant has failed to establish contributory negligence. There was conflicting testimony as to the location of the plaintiff's parked vehicle and the Court is unable to find that it was parked in violation of statute or in any manner negligently.

As to the amount of damages suffered by the plaintiff in this matter there has been no real dispute. From the testimony of the mechanic called by the plaintiff the Court finds that plaintiff sustained damages in the amount of $169.40.

In conclusion the Court finds: that the plaintiff has established negligence on the part of the defendant which was the proximate cause of the plaintiff's injury; that the plaintiff's damages amount to $169.40; and that the defendant has failed to carry his burden in establishing contributory negligence.

Accordingly, it is ORDERED, ADJUDGED and DECREED that plaintiff is entitled to Judgment against the defendant in the amount of $169.40 and $2.00 court costs. Each side shall pay their own attorney fees. Execution shall be stayed for ten (10) days.