MICHAELS *v.* SMITH.

1. APPEAL AND ERROR—CONTRIBUTORY NEGLIGENCE—FACTS VIEWED MOST FAVORABLY TO PLAINTIFF.

In determining whether an injured person is barred from recovery because of his own negligence, the facts must be viewed in the light most favorable to him.

2. NEGLIGENCE — MOTOR VEHICLES — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY.

Whether the driver of an automobile on a city street which is part of a trunk line highway favored by ordinances requiring vehicles to stop before entering it, and

[1] Appeal and Error, 4 C. J. § 2834; [2] Motor Vehicles, 42 C. J. § 1112.

to then proceed at a speed not exceeding seven and one-half miles per hour, and also providing that at street intersections a car approaching from the driver's right shall have the right of way, who was struck and injured by an automobile attempting to cross said street from his left, was guilty of contributory negligence, under all the circumstances, *held*, for the jury, under proper instructions.

3. APPEAL AND ERROR—GREAT WEIGHT OF EVIDENCE—WHEN CAUSE FOR REVERSAL.

To justify reversal of a case on the ground that the verdict for plaintiff was against the great weight of the evidence, the Supreme Court must be satisfied that the testimony introduced by defendant overwhelmingly outweighed that of plaintiff.

4. SAME—NEW TRIAL.

Refusal of the trial court to disturb the verdict on the ground that it was against the great weight of the evidence, *held*, justified by the record.

5. SAME—DAMAGES—EXCESSIVE VERDICT—WHEN CAUSE FOR REVERSAL.

The Supreme Court, not being trier of the facts, should not substitute its judgment for that of the jury on the question of the size of the verdict unless it was secured by improper methods, or unless satisfied that prejudice, sympathy, or some unreasoned element of an important character entered into the jury's consideration of the case.

6. DAMAGES—EXCESSIVE VERDICT.

A verdict for $2,500 for injuries to plaintiff's automobile and to his person, *held*, not excessive, where the evidence shows that plaintiff suffered two fractured ribs which were from six to eight weeks in healing, and from concussion of the brain, nervousness from which still persists and may last for several years.

7. TRIAL — INSTRUCTIONS — MOTOR VEHICLES — RIGHT OF WAY AT STREET INTERSECTIONS.

In an action for injuries caused by a collision at a street intersection between an automobile traveling on a trunk line highway and another attempting to cross it from the left, an instruction that traffic on the trunk line highway

[3]Appeal and Error, 4 C. J. § 2838; [4]Id., 4 C. J. § 2816; New Trial, 29 Cyc. p. 827; [5]Appeal and Error, 4 C. J. §§ 2830, 2847; [6]Damages, 17 C. J. § 408; L. R. A. 1915F, 30; 46 A. L. R. 1230; [7]Motor Vehicles, 42 C. J. §§ 1139, 1156.

had the right of way over cross-street traffic, and that, therefore, where two vehicles approached the intersection so that they would reach it at the same time, the vehicle on the trunk line highway would have the right of way, *held,* proper and appropriate, even if not necessary under the circumstances of the case.

Error to St. Clair; Law (Eugene F.), J.     Submitted June 10, 1927.     (Docket No. 83.)     Decided December 1, 1927.

Case by Mike Michaels against Russell G. Smith and another for personal and other injuries.     Judgment for plaintiff.     Defendants bring error.     Affirmed.

*Walter Schweikart* and *Julien Winterhalter* (*Dunham & Cholette* and *John M. Dunham,* of counsel), for appellants.

*Walsh, Walsh & O'Sullivan,* for appellee.

SNOW, J.     Plaintiff recovered judgment against defendants for $2,500 for injuries done him and his car in an automobile collision at the corner of Military and Pine streets in the city of Port Huron in March, 1926. Defendants group their assignments of error under four heads, which we will consider in order, stating such facts as may be necessary for an understanding of the case as we proceed.

1. Contributory Negligence.     Defendants claim the proofs clearly show the plaintiff barred from recovery because of his own negligence.     As the facts must be viewed in the light most favorable to plaintiff they will be so stated.     Military street is the principal street in the city, with car tracks down its center.     It is a trunk line highway.     A city ordinance requires vehicles to stop before entering upon it.     Another ordinance provides that at street intersections the car approaching from the right of the driver shall have

240—Mich.—43.

the right of way.    Still another ordinance requires a vehicle when entering a main thoroughfare to proceed at a rate of speed not exceeding 7½ miles per hour.

It was on such favored road that plaintiff was driving in a northerly direction when his car was struck on its left side near the rear by defendant Esther M. Smith, who was driving her husband's car in an easterly direction on Pine street, and who was attempting to enter into and cross Military street. Plaintiff was driving at about 12 to 15 miles per hour about 6 or 8 feet east of the east rail of the tracks, and when passing the Desmond theatre building he looked to his left up Pine street.    He judged this was about 40 or 50 feet from Pine street, although by actual measurement the theatre is 94 feet from the corner.    He was approximately 70 feet from the place of the accident.    He could there have seen a car approaching on Pine street 30 or 40 feet west of the west curb of Military street; or as far as 80 feet west of the point of collision.    He then proceeded north, looked ahead for possible danger to pedestrians at the street crossing, and also to the right.    He looked again to the left just before the collision and saw defendant's car bearing down on him so as to make it impossible to avoid being struck.    Does this conduct on the part of plaintiff render him guilty of contributory negligence which precludes recovery, notwithstanding the negligence of Mrs. Smith?    We must decline to so hold.    The location of the accident was the city's main street and in its business district.    Plaintiff had the right of way across the intersection.    He was compelled to watch pedestrians crossing the street, cars parked along it, and other traffic upon the road, as well as cars on Pine street.    He was not bound at his peril to know that cars on Pine street attempting to cross Military would fail to obey the law.    Whether he was negligent or not in the operation of his car under

such circumstances was clearly for the jury, under proper instructions.

2. Was the Verdict Against the Great Weight of the Evidence? Defendants claim it was. To so hold we must be satisfied that the "testimony introduced by defendant so overwhelmingly outweighed that of plaintiff as to justify us in reversing the case on this ground." *Romanuick* v. *State Bank,* 235 Mich. 217, 221. We are not so satisfied. While there is evidence of plaintiff's fast driving, the fact is in dispute. The conclusion is quite apparent that defendant was not sideswiped by plaintiff, as she claims, but that she ran her car into that of plaintiff, as is shown by the considerable damage done to its front end, as well as the damage done to plaintiff's car. Nothing of a prejudicial character occurred upon the trial. The court and jury saw and heard the witnesses. The jury, under full and fair instructions, found for the plaintiff. The trial court refused to disturb the verdict on this ground, and we are constrained to hold that he was right in his conclusion.

3. Was the Verdict Excessive? Not being triers of the facts, we should not substitute our judgment for that of the jury on the question of the size of the verdict unless it was secured by improper methods, or unless we are satisfied that prejudice, sympathy, or some unreasoned element of an important character entered into the jury's consideration of the case. In the opinion of Judge Law, in denying motion for new trial, he covers the subject in the following language:

"Dr. M. E. Bovee, plaintiff's family physician, was called to treat plaintiff the evening he was injured, or the next day, and found that plaintiff was suffering from two fractured ribs and from symptoms of concussion of the brain. The fractured ribs healed within six or eight weeks. Dr. Bovee testified that symptoms of concussion of the brain are dilated pupils of the eyes, nervousness, dizziness, and pain and that plain-

tiff had these symptoms, from which he concluded that plaintiff had suffered concussion of the brain and that these symptoms extended over a period of several weeks. Dr. Bovee testified that he continued to treat plaintiff for this trouble until some time in October, 1926; his testimony is to the effect that the nervous condition may develop from concussion of the brain that may last for several years. The plaintiff testified that the nervous condition brought on by his injuries received in the collision still persists; he says that he continued to take medicine given him by Dr. Bovee for this trouble until six or seven weeks before the time of the trial. * * *

"This cause was tried in a very conservative but careful manner by capable lawyers. I cannot remember, nor does the record of the trial in any way tend to show that anything occurred to arouse prejudice, sympathy, passion, or partiality on the part of the jurors."

We think the facts justify this statement and the size of the verdict.

4. Instructions to the Jury. Defendants except to the court instructing that Military street was a trunk highway and that its traffic had the right of way over Pine street traffic; that, therefore, where two vehicles approached the intersection, one on Military and one on Pine street, so that they would reach it at the same time, the vehicle on Military street would have the right of way. Counsel argue that there was no evidence to show that the two vehicles were about to approach the intersection at the same time, but that Mrs. Smith's reached it first. The collision occurred on the intersection of the two streets, and the inquiry would naturally at once arise as to the parties' respective rights of the way. It is not complained that the court misstated the law, but that the law had no application. We think counsel are in error in this contention. The instruction was proper and appropriate, if not necessary, under the circumstances of the case.

The other complaint as to court's instruction has been examined, and we feel needs no comment.

Judgment affirmed, with costs to plaintiff.

SHARPE, C. J., and BIRD, FELLOWS, WIEST, and McDONALD, JJ., concurred. CLARK, J., did not sit.

Justice STEERE took no part in this decision.