SEBRING v. MAWBY.

1. Damages—Pain and Suffering.

There is no exact rule by which damages for pain and suffering can be measured, but their determination must be left to good sense and sound judgment of jury in their view of evidence.

2. Appeal and Error—Damages.

Jury's award of damages for pain and suffering will not be disturbed, on review, unless it is so great as to shock judicial conscience, or unless it was induced by something outside of evidence, such as passion or prejudice.

3. Damages—Pain and Suffering—Excessive Verdict.

Verdict of $4,000 for pain and suffering cannot be said to be excessive, where evidence shows serious and painful injuries, followed by intense suffering for long period.

Error to Wayne; Smith (Guy E.), J., presiding. Submitted June 11, 1930. (Docket No. 118, Calendar No. 34,938.) Decided October 3, 1930.

Case by Della E. Sebring against Frank Mawby and another for personal injuries. From judgment for plaintiff, defendants bring error. Affirmed.

*G. Sweetman Smith,* for plaintiff.

*Edward N. Barnard,* for defendants.

McDonald, J. In an action to recover damages for injuries received when struck by the defendant's automobile, the plaintiff received a verdict for $4,490, of which $4,000 was for pain and suffering, $390 was for hospital expense, and $100 was for

On excessiveness of verdicts in action for personal injuries not resulting in death, see annotation in L. R. A. 1915F, 30; 46 A. L. R. 1239.

medical services. A motion for a new trial was made on the ground that the verdict was excessive. The motion was denied, and the defendants have brought error.

The sole question involved is whether the verdict, as to the amount allowed for pain and suffering, is excessive.

The plaintiff was 59 years of age at the time of the accident. She suffered concussion of the brain, a fracture of the hip, and what the surgeon described as "a condition to the kidney zone and some hemorrhage from this organ." She was in a plaster cast for eight weeks. At the time of the trial, six months after the accident, she was able to move about to a limited extent by means of crutches. The evidence shows serious and painful injuries, followed by intense suffering for a long period.

The law furnishes no exact rule by which damages for pain and suffering can be measured. Their determination must necessarily be left to the good sense and sound judgment of the jury in their view of the evidence. It has frequently been said by courts and text-writers that the award of the jury will not be disturbed unless it is so great as to shock the judicial conscience, or unless it was induced by something outside of the evidence, such as passion or prejudice. There is no claim of any such influence in this case. In view of the evidence, we cannot say that the verdict was excessive.

The judgment is affirmed, with costs to the plaintiff.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.