## PHILLIPS *v.* ROLSTON.

1. PLEADING—AMENDMENT TO INCREASE AD DAMNUM CLAUSE.
   Amendment of *ad damnum* clause of complaint in action for injuries arising out of automobile accident so as to accord with verdict in excess of the clause as originally drawn may not be done, where the defendant has not had a regular opportunity to controvert the right of the plaintiff to recover more than the sum claimed in the *ad damnum* clause.

2. COURTS—CONCESSIONS—PRECEDENTS.
   The fact that a party to an action makes a concession as to a legal right in a case does not effect the making of a precedent of such case with respect to such legal right.

3. PLEADING—AMENDMENT—PREJUDICE.
   Amendments to pleadings are liberally allowed, but only if prejudice will not result or the substantial rights of the parties would not be affected adversely (CLS 1961, § 600.2301; GCR 1963, 118.3).

4. SAME—AMENDMENT—VERDICT IN EXCESS OF AD DAMNUM CLAUSE.
   Allowance of amendment of an *ad damnum* to conform with a jury's verdict in an amount in excess of the amount claimed would prejudicially and adversely affect the substantial right of the party against whom the award was made to defend against the award to the extent it was in excess of the *ad damnum* clause.

5. SAME—FUNCTION OF AD DAMNUM CLAUSE.
   *Ad damnum* clause has the function of limiting a defendant's maximum potential liability.

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 22 Am Jur 2d, Damages §§ 276, 295.
[2] 20 Am Jur 2d, Courts § 193.
[3] 41 Am Jur, Pleading §§ 288, 292.
[5–7] 22 Am Jur 2d, Damages §§ 274, 276.
[8] 22 Am Jur 2d, Damages §§ 298–300.

6. TRIAL—VERDICT—AD DAMNUM CLAUSE—JUDGMENT.

Entry of judgment for $35,000 upon a verdict in such sum was error where *ad damnum* clause limited jury's authority to an award of $30,000.

7. SAME—VERDICT—JUDGMENT—AD DAMNUM CLAUSE.

Action of trial judge in erroneously entering judgment of $35,000 upon verdict of the same amount and then ordering plaintiff to remit $5,000 *held*, to have effected the same pratical result as would have been achieved by entry of judgment within limit of $30,000 *ad damnum* clause.

8. DAMAGES—EVIDENCE—MEDICAL EXPENSES—EARNING CAPACITY—PAIN AND SUFFERING.

Jury's verdict of $35,000 *held*, fairly supported by record, wherein it is shown medical expenses and loss of earnings to date of trial exceeded $4,000, permanent impairment of earning capacity, and past and future pain and suffering.

Appeal from Berrien; Hadsell (Phillip A.), J. Submitted June 10, 1965. (Calendar No. 12, Docket No. 50,787.) Decided October 4, 1965.

Complaint by Dudley Phillips against Ralph M. Rolston and Elmer Louis Taylor for injuries sustained in an automobile collision. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Hartwig, Crow & Jones ( John L. Crow,* of counsel), for plaintiff.

*Seymour & Seymour (Dalton G. Seymour,* of counsel), for defendants.

SOURIS, J. The principal question presented to us in this appeal is whether the *ad damnum* clause of a complaint may be amended to increase it to conform with the amount awarded by the jury.

Plaintiff sued for his damages resulting when defendants' automobile collided with the rear end of plaintiff's automobile. The *ad damnum* clause in his

complaint was for $30,000. The jury returned a verdict in the amount of $35,000. Following the jury's verdict, but before entry of judgment thereon, the trial judge granted plaintiff's motion to amend his *ad damnum* clause to conform with the $35,000 awarded him by the jury. However, the trial judge then granted the defendants' motion for a new trial unless the plaintiff would agree to remit the sum of $5,000. See GCR 1963, 527.6.

Notwithstanding plaintiff's duly filed consent to the remittitur, defendants appealed, as then permitted to do as a matter of right, claiming that the trial court erred in permitting plaintiff to amend his *ad damnum* clause and claiming, further, that the jury's verdict was so grossly excessive, even as reduced by the trial judge's order of remittitur, that a new trial should have been granted unconditionally.

It is our conclusion that the trial judge should not have permitted amendment of the *ad damnum* clause but that he should have, instead, entered judgment in the amount of $30,000. It is also our conclusion that the proofs were sufficient to support such a judgment and, therefore, that the defendants' motion for new trial should have been *denied* unconditionally.

The only time this Court ever has considered squarely the question whether an *ad damnum* clause may be amended after verdict to increase the amount demanded to conform with the amount awarded by the jury was in the case of *Kenyon* v. *Woodward* (1868), 16 Mich 326. In that case suit was on the common counts to recover on a promissory note. The *ad damnum* was for $500, but the verdict returned by the jury was in the amount of $603.25. After judgment had been entered on the full amount of the jury's verdict, on plaintiff's motion the trial court permitted amendment of the declaration to increase the *ad damnum* from $500 to $700. On appeal this Court reversed the judgment as to the excess over

$500 and affirmed as to the balance. The reasoning of the Court, which we believe to be sound, was as follows:

"There was never any issue for trial before the jury for any amount above $500, and the plaintiff in error had not only the right so to consider it, but was, by correct practice, required to measure his action accordingly; since nothing could properly be tried which was not within the issue.

"As the plaintiff in error, therefore, has had no regular opportunity to controvert the right of the defendant in error to recover anything beyond $500, it is quite apparent that while the verdict and judgment over that sum were erroneous when given, the error could not be cured by the amendment which was made." 16 Mich 326, 331.

We do not consider *Cicotte* v. *County of Wayne* (1886), 59 Mich 509, reasoned authority for a contrary conclusion. In that case the jury returned a verdict in a principal amount well within the *ad damnum,* but it also awarded interest which, when added to the principal amount, resulted in a total verdict in excess of the *ad damnum.* Having noted the foregoing facts, this Court said (p 513), "It is conceded that if the verdict was right, there is power to increase the *ad damnum* clause to cover it." The variance between the *ad damnum* and the verdict was not an issue on appeal and we do not consider the quoted statement which merely recites the parties' concession as authority for the unsupported proposition stated.

In *Zeilman* v. *Frey* (1921), 213 Mich 504, while the jury's verdict was well within the *ad damnum* clause, it exceeded the amount claimed by plaintiff in each count of his declaration. No objection was made by the defendant until the appeal. This Court, noting that the plaintiff's bill of particulars amply and fully advised the defendant of the amount of plaintiff's

claim, permitted amendment of the declaration's separate counts to conform with the verdict. Aside from the fact that in *Zeilman* the defendant made no objection to the variance until after the appeal had been taken, the factual circumstances significantly distinguish *Zeilman* from the case at bar. In *Zeilman,* as this Court noted, the defendant was fully apprised by the bill of particulars and by the *ad damnum* clause of the extent of plaintiff's claim and the jury's verdict did not exceed such amount, whereas in this case of Phillips there was nothing in the pleadings, including the *ad damnum* clause, to forewarn defendants that they might be held liable by the jury for more than $30,000.

While in this State we liberally allow the amendment of pleadings, see GCR 1963, 118.3 and revised judicature act, PA 1961, No 236, § 2301 (CLS 1961, § 600.2301 [Stat Ann 1962 Rev § 27A.2301]), such amendments are not allowed when prejudice would result and when the substantial rights of the parties would be affected adversely. To allow the amendment of an *ad damnum* to conform with a jury's verdict in an amount in excess of the amount claimed would prejudicially and adversely affect the substantial right of the party against whom the award was made to defend against the award to the extent it was in excess of the *ad damnum*.

While it may be true that the *ad damnum* not infrequently is grossly exaggerated, nonetheless it serves to limit the amount of the defendant's maximum potential liability. Such limitation, as gross as it sometimes is, may well be pertinent to the trial strategy adopted by a defendant. For example, a defendant might be willing to concede liability provided damages to be awarded by the jury are limited to a specified amount. The *ad damnum* serves this function, at the very least. Conceivably, a defense counsel engaged by an insurance company to repre-

sent its insured might be willing to concede liability within the policy limits but not beyond. If the *ad damnum* is within those limits, and if it effectively limits the defendant's potential liability by jury verdict, such concession of liability might well be made whereas no skilled attorney would so much as consider such a concession if the extent of liability were in practical fact not limited by the *ad damnum*.

Upon return of the jury's verdict for $35,000 in this case, the trial judge should have entered his judgment only in the amount of $30,000, the excess being beyond the authority of the jury to award. Entry of judgment in that fashion clearly is indicated by *Kenyon* v. *Woodward, supra,* where on appeal this Court reversed so much of the trial court's judgment entered on the jury's verdict which exceeded the *ad damnum* clause and affirmed the judgment in the amount of the *ad damnum*.

Instead of proceeding as indicated in the preceding paragraph, however, what the trial judge actually did in this case accomplished the same practical result. After permitting amendment of the *ad damnum* to conform with the award made by the jury's verdict, which amendment we find to have been erroneously permitted, the trial judge ordered plaintiff to remit the $5,000 in excess of his *ad damnum* or suffer a new trial. This the plaintiff was willing to do and we may consider it to have been done reserving to the defendants, however, their right to challenge the $30,000 judgment as excessive because not supported by the proofs.

The defendants' claim in this regard is that plaintiff suffered "only" soft tissue injuries and that his proofs of actual out-of-pocket damages, comprising lost earnings and medical expenses, amounted only to approximately $4,000 and that the balance of his claims were highly speculative in nature. Suffice it to say that defendants' counsel has made a per-

suasive jury argument on this appeal, but it is an argument we are precluded by our limited appellate function from considering. The fact of the matter is that this record discloses plaintiff offered ample proofs to support his claim for medical expenses paid and earnings lost to date of trial in an amount in excess of $4,000 and, in addition, to support his claim that his employment skills were permanently impaired and that he had suffered and would continue to suffer pain from his injuries. All such proof provided fair support for the jury's verdict.

While it may be conceded that a jury could have viewed skeptically plaintiff's proofs that his future earnings impairment over the 15 years he claimed remained of his laboring expectancy had a present value of $10,000, the controverted evidence was such that the jury could have accepted plaintiff's claim with respect thereto. Nor are we in a position to hold as a matter of law that the jury could not have found plaintiff to be entitled to in excess of $16,000 compensation for his past, present, and future pain and suffering resulting from his injuries.

Affirmed. Costs to plaintiff.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SMITH, O'HARA, and ADAMS, JJ., concurred.