PIATKOWSKI *v.* MOK

OPINION OF THE COURT

1. JUDGMENT—BASIS—PROOFS—COURT RULE.

    A judgment must be based on what is proved rather than on what is pleaded (GCR 518.3).

2. DAMAGES—AMOUNT RECOVERABLE—PROVABLE DAMAGES—AD DAMNUM. CLAUSE.

    A plaintiff may recover a judgment in the amount of his provable damages irrespective of his *ad damnum* clause.

CONCURRING OPINION BY CHURCHILL, J.

3. DAMAGES—AMOUNT RECOVERABLE—AD DAMNUM CLAUSE—COURT RULE.

    *A plaintiff cannot recover damages in an amount greater than that demanded, if proved, because allowing recovery of amounts greater than that in* ad damnum *clause would cause unlimited mischief in excess-liability insurance situations and would discourage non-contests of liability (GCR 1963, 518.3).*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments § 1 *et seq.*
[2, 3] 46 Am Jur 2d, Judgments §§ 81–84.
[4–6] 41 Am Jur, Pleading §§ 288–315.

4. PLEADING—AMENDMENT—ALLOWANCE—PREJUDICE.

   *An amendment to the pleadings is not allowed when prejudice
   would result and when the substantial rights of the parties
   would be adversely affected.*

5. PLEADINGS—AMENDMENT—DELAYING EFFECT—DISCRETION.

   *The delaying effect, if any, of granting a motion to amend after
   pre-trial conference is a factor for consideration in the exercise
   of discretion.*

6. PLEADINGS — AD DAMNUM CLAUSE — AMENDMENT — FINDINGS OF
   · FACT.

   *Denial of plaintiff's motion to amend her pleadings to increase
   her* ad damnum *clause should be remanded for further proceed-
   ings where the trial judge did not make findings of fact or state
   conclusions of law in denying plaintiff's motion (GCR 1963,
   517.1).*

Appeal from Wayne, James M. Ryan, J. Sub-
mitted Division 1 May 11, 1970, at Detroit. (Docket
No. 7142.) Decided January 18, 1971.

Complaint by Philip and Helen Piatkowski and
others against Ira E. Mok for personal injuries re-
ceived in an automobile accident. Plaintiff Helen
Piatkowski's motion to amend her complaint denied
without prejudice. Plaintiff appeals. Remanded
for entry of order granting the motion to amend the
complaint and allowing defendant to amend his
answer.

*Zeff & Zeff,* for plaintiffs.

*Markle & Markle,* for defendant.

Before: R. B. BURNS, P. J., and LEVIN and
CHURCHILL,* JJ.

R. B. BURNS, P. J. Although I am in complete
agreement with Judge CHURCHILL's decision to re-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mand this case to the trial court, I must take issue with his construction of GCR 1963, 518.3. Judge Churchill concedes that his interpretation is contrary to that adopted by the Federal courts in their analysis of rule 54(c) of the Federal Rules of Civil Procedure.[1] His interpretation is also contrary to the rule's purpose as envisioned by the Joint Committee on Michigan Procedural Revision. See 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 626 (Committee Notes). More importantly Judge Churchill's construction directly conflicts with the express language of the rule.

The language of 518.3, in no uncertain terms, states that a judgment must be based on what is proved rather than on what is pleaded. To base a judgment solely on what is pleaded totally ignores the word "entitled"[2] and the phrase "even if" contained in GCR 1963, 518.3.[3] The plain meaning of a general court rule should not be ignored by this Court.

We hold the plaintiff may recover a judgment in the amount of his provable damages irrespective of the *ad damnum* clause.

The case is remanded for entry of an order granting the motion to amend plaintiff's *ad damnum*

[1] For the Federal court analysis of 54(c), GCR 518.3's equivalent, see 3 Barron and Holtzoff, Federal Practice & Procedure (Wright ed), § 1194, p 34. In Michigan the Supreme Court gives great weight to the decisions of another state from which a particular statute is substantially adopted. *In re Atherton's Estate* (1952), 333 Mich 193. In fact it is presumed that a statute is adopted with its judicial gloss. *In re Rackham's Estate* (1951), 329 Mich 493. It is entirely reasonable to presume that the Michigan Supreme Court was well aware of and readily accepted the interpretation of 54(c) as given by the Federal courts prior to its adoption by the Court into Michigan practice.

[2] See *Cullum v. Topps-Stillman's, Inc.* (1965), 1 Mich App 92, where this Court stated, in its interpretation of 518.3, that an award must be justified on the basis of what the party is "entitled" to receive.

[3] "[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is *entitled*, even *if* the party has not demanded such relief in his pleadings." (Emphasis supplied.)

clause and allowing defendant to amend his answer
and defend on the merits of liability.

We do not retain jurisdiction.

LEVIN, J., concurred.

CHURCHILL, J. (*concurring in result*). This is a
personal-injury auto negligence action, commenced
September 22, 1964, three years to the day after the
accident. In 1968 plaintiff Helen Piatkowski filed a
motion to increase her *ad damnum* clause to $300,000.
The motion was denied "without prejudice". Plain-
tiff, on leave granted, appeals from the order deny-
ing the motion.

The trial court's reasons for denial of the motion
do not appear in the record nor do we perceive the
meaning of the words "without prejudice" in this
context.

GCR 1963, 518.3 provides:

"Except as to a party against whom a judgment is
entered by default, every final judgment shall grant
the relief to which the party in whose favor it is
rendered is entitled, even if the party has not de-
manded such relief in his pleadings."

This provision is a verbatim repetition of rule 54
(c) of the Federal Rules of Civil Procedure.

The Federal courts have consistently construed
rule 54 (c) to mean that in contested actions plain-
tiff's recovery is not limited by the *ad damnum*
clause.[1]

This was the construction forecast in the Com-
mittee Notes to rule 518.3 and by the authors of 2

---

[1] See *Troutman* v. *Modlin* (CA8, 1965), 353 F2d 382, 384, 385;
*Stewart* v. *Banks* (CA5, 1968), 397 F2d 798, 799; *Smith* v. *Brady*
(CA4, 1968), 390 F2d 176, 177; *Couto* v. *United Fruit Co.* (CA2,
1953), 203 F2d 456, 457; *Collins* v. *Government of Virgin Islands*
(D VI, 1964), 236 F Supp 441, 445.

Opinion by CHURCHILL, J.

Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 632 where they said:

> "In former Michigan practice it was said a judgment could not exceed the amount requested in the *ad damnum* clause, although in practice the problem might have been sidestepped by permitting an amendment to conform the pleadings to the proofs * * * The new rule makes it clear that except upon default judgment, the court has power to enter judgment in an amount greater than that demanded, if proved."

If the rule is so construed the denial of the motion is indeed nonprejudicial to plaintiff. I do not, however, adopt this construction.[2] Such a construction would cause unlimited mischief in excess-liability insurance situations and it would discourage non-contests of liability.

The motion contains the allegation that plaintiff's physical condition has worsened and that the amount sued for will not adequately compensate her. The motion was accompanied by an "information and belief" affidavit of her attorney which does not disclose the source of his information or belief. Attached to the appellant's brief on appeal is a copy of a letter from a physician dated October 14, 1968, which tends to substantiate plaintiff's claim of serious injury. It does not, however, appear in the record that this letter was ever submitted to the trial judge for his consideration.

Defendant filed a pleading objecting to the increase of the *ad damnum* clause from $25,000 to $300,000. The *ad damnum* clause in the original complaint was for $50,000.

---

[2] Although I reject this construction I am not required to do so by *Phillips v. Rolston* (1965), 376 Mich 264, because it does not appear that the effect of rule 518.3 was considered by the Supreme Court in its decision.

In the concise statement of proceedings and fact prepared by plaintiff's attorney the proposal is to increase the *ad damnum* clause from $25,000 to $150,000. In her brief they say that she wants to increase the claim from $25,000 to $300,000.

By his answer defendant pled no contest as to liability. In his brief on appeal defendant suggests that a typical insurance excess-liability problem would be created by the increase. He asserts that he would want to defend the action on the merits of liability if the *ad damnum* clause is increased and he suggests that discovery would be difficult after so many years. He does not, however, disclose the limits of coverage nor does he show what further discovery would be required which is unavailable.

In *Burg* v. *B & B Enterprises, Inc.* (1966), 2 Mich App 496, 500, this Court, reversing the trial judge's decision to deny leave to amend a pleading, said:

"[W]e believe that the language of GCR 1963, 118.1, 'Leave shall be freely given when justice so requires', imposes a limitation on the discretion of the court necessitating a finding that justice would not be served by the amendment."

This is totally consistent with the Supreme Court's statement in *Phillips* v. *Rolston* (1965), 376 Mich 264, 268, that amendments are not allowed when prejudice would result and when the substantial rights of the parties would be affected adversely.

The delaying effect, if any, of granting a motion to amend after pretrial conference is a factor for consideration in the exercise of discretion, *Simonelli* v. *Cassidy* (1953), 336 Mich 635.

GCR 1963, 517.1 requires trial judges to make findings of fact and to state conclusions of law in nonjury actions, but most motions are excepted from operation of the rule. The reasons for the rule, explained in the annotation to the rule in 2 Honig-

man & Hawkins, Michigan Court Rules Annotated (2d ed), p 592, apply with persuasion to the rulings on many motions. As in *LaBar* v. *Cooper* (1965), 376 Mich 401, and in *Dahlstrom* v. *City of Whitehall* (1968), 14 Mich App 349, we do not know why the trial judge denied the motion, and we are unable to determine whether he exercised his discretion properly.

The action is remanded for further proceedings. After consideration of such further affidavits, testimony, or argument as the trial court deems necessary, the trial judge should make findings on the record and exercise his discretion in a manner consistent with the findings. If the *ad damnum* clause is increased above $50,000, defendant shall be permitted to amend his answer and defend on the merits of liability.

