HAIDY v SZANDZIK

1. DAMAGES—EXCESSIVE VERDICT—STANDARD OF REVIEW.

The standard of review of a decision granting a defendant's motion for a new trial because the jury verdict was excessive has been variously described as an inquiry of whether the verdict shocks judicial conscience, whether sound evaluation of the evidence reveals no basis for the verdict, whether the verdict is against the clear weight of evidence, or whether the verdict was secured by improper prejudice or sympathy.

2. NEW TRIAL—DISCRETION.

Trial courts are given wide discretion in determining whether to grant or deny a new trial and the rule laid down to determine if the trial judge has exercised his discretion properly is to the effect that if the reasons assigned are legally recognized and are supported by any reasonable interpretation of the record, he acted within his discretion.

3. JURY—DUE DELIBERATION—TIME.

The mere fact that a jury returned with a verdict after only 15 minutes of deliberation does not mean the verdict was not the product of considered judgment and due deliberation; there is no reason to suspect a jury could not reach a decision in that amount of time and it would be difficult to codify appropriate time periods for such deliberation.

4. DAMAGES—EXCESSIVE VERDICT—NEW TRIAL.

The grant of a new trial after a jury verdict of $28,000 did not appear to be clearly erroneous where a trial court's finding was that plaintiff's injury was minor, where a mediation panel had concluded prior to trial that plaintiff should recover only $2500, where the trial court found the verdict to be grossly excessive, and where a medical bill which arose three years after the

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 22 Am Jur 2d, Damages § 366.
58 Am Jur 2d, New Trial §§ 150–156.
[2] 58 Am Jur 2d, New Trial §§ 212, 213.
[3] 53 Am Jur 2d, Trial § 908.

accident had been introduced into evidence without a showing of necessity or reasonableness for the bill.

Appeal from Wayne, Neal Fitzgerald, J. Submitted Division 1 March 6, 1973, at Detroit. (Docket No. 13747.) Decided April 25, 1973.

Complaint by William Haidy against Gerald F. Szandzik and Teddy's Catering Service, Inc. for damages for injuries sustained in an automobile accident. Verdict for plaintiff. Defendants' motion for a new trial on the ground of excessive verdict granted. Plaintiff appeals. Defendants cross-appeal. Affirmed, and remanded for new trial.

*Ralph H. Adams,* for plaintiff.

*Sugar, Schwartz, Silver, Schwartz & Tyler* (by *David M. Tyler* and *Richard D. Toth),* for defendants.

Before: J. H. GILLIS, P. J., and McGREGOR and ADAMS,* JJ.

J. H. GILLIS, P. J. Plaintiff William Haidy brought this action to recover for personal injuries sustained in an automobile collision with a truck owned and operated by defendants. At trial, defendants' liability was admitted and the only issue was the amount of damages recoverable. The jury awarded plaintiff $28,233. Defendants moved for and were granted a new trial. Plaintiff appeals upon leave granted. Defendants cross appeal.

At the time of the accident, which the evidence showed to be minor, plaintiff experienced no immediate symptoms of severe pain, but later in the day he suffered from a sore neck and had to leave

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

work. He was released from the hospital after two or three hours but returned the next day. Plaintiff subsequently retained an attorney who recommended consultation with an osteopathic physician.

Plaintiff visited that doctor for several years two or three times a week, wore a neck brace, and at trial testified he still had neck pain and was still under treatment, but from another doctor.

Plaintiff's original doctor testified the neck pain would be permanent. Defendants' doctor testified his examination, conducted six months after the accident pursuant to the request of plaintiff's employer, revealed plaintiff suffered from advanced arthritis, which was unrelated to the accident, and that wearing the neck brace aggravated the problem.

During closing argument, plaintiff's counsel requested the jury award $28,233, a figure based in part on past medical bills, plaintiff's life expectancy, and the prospect of future medical expense. The jury deliberated for about 15 minutes and returned with a verdict in the requested amount.

Defendants' motion for new trial alleged, *inter alia,* that the verdict was excessive and that a medical bill, incurred in 1970, payable to plaintiff's second doctor, who did not testify, was improperly admitted into evidence.

The trial court, in granting defendants' motion, ruled only that the verdict was excessive. The standard of review of such a decision had been variously described as an inquiry of whether the verdict shocks judicial conscience, *Watrous v Conor,* 266 Mich 397 (1934); whether sound evaluation of the evidence reveals no basis for the verdict, *Moyer v Shampo,* 357 Mich 391 (1959); whether the verdict is against the clear weight of

evidence, *Aho v Conda,* 347 Mich 450 (1956); or whether the verdict was secured by improper prejudice or sympathy, *Michaels v Smith,* 240 Mich 671 (1927).

Generally, we consider the trial judge to be in a better position to make such determinations. Consequently, we have given the trial courts wide discretion in determining whether to grant or deny new trial. *Benmark v Steffen,* 9 Mich App 416 (1968). However, as stated in *Williams Panel Brick Mfg Co v Hudsin,* 32 Mich App 175, 177 (1971):

"The rule laid down in *Benmark v Steffen, supra,* to determine if the trial judge has exercised his discretion properly is to the effect that *if the reasons assigned* by the trial judge for his action *are legally recognized and* the reasons *are supported by any reasonable interpretation of the record,* he acted within his discretion." (Emphasis supplied.)

In the case at bar the trial court reasoned the jury must have acted out of sympathy since plaintiff exhibited a tremor which caused an involuntary shaking of his head. The jury in this case was informed by both parties that the tremor condition was unrelated to this accident. It is difficult indeed to accept that reasoning as valid since, on retrial, such a malady would again appear to a new jury.

The trial court also held the jury could not adequately weigh the evidence since plaintiff's medical testimony was admitted through the deposition of an absent physician. GCR 1963, 302.7, which is applicable to this Wayne County lawsuit, expressly allows use of the deposition of an absent expert witness as evidence at trial.

The mere fact the jury returned with a verdict after only 15 minutes of deliberation does not

mean the verdict was not the product of considered judgment and due deliberation. If the jury carefully followed the evidence and arguments of counsel, there is no reason to suspect it could not reach decision in that amount of time. Moreover, we would be hard put to codify appropriate time periods for such deliberation.

However, the trial court obviously felt the verdict was excessive. A mediation panel had concluded prior to trial that plaintiff should recover only $2,500. In comparing the mediation award with the jury verdict, the trial court stated:

" * * * this court feels that an award in excess of $28,000 for such a relatively minor injury as the plaintiff received in this accident is grossly excessive."

Since we consider defendants' allegation on cross-appeal that proper foundation for a medical bill incurred in 1970 was not made to be well taken, the interpretation of the evidence made by the trial judge quoted above has added significance.

The bill in question was for $316. However, arising almost three years after the accident, it tended to show plaintiff's injuries to be of a continuing nature. As such, the bill, if properly admitted, would justify a jury finding that future medical bills would be incurred and substantiated plaintiff's claim for future pain and suffering. No testimony showed the necessity or reasonableness of this late medical bill. See *Fogel v Sinai Hospital of Detroit,* 2 Mich App 99 (1965). When coupled with the trial court's finding that plaintiff's injury was minor, the grant of new trial does not appear to be clearly erroneous, since without the addition of future pain and suffering, the jury verdict no doubt could have been in a substantially lesser amount.

Accordingly, we affirm the trial court and remand for new trial. Costs to defendants.

All concurred.