GIBEAULT v CITY OF HIGHLAND PARK

1. DAMAGES—PLEADING—AD DAMNUM—PROVABLE DAMAGES.

A trial court has the authority to award a greater amount of actual damages than a plaintiff had requested in his *ad damnum* clause; a plaintiff may recover a judgment in the amount of his provable damages irrespective of the *ad damnum* clause (GCR 1963, 518.3).

2. DAMAGES—PERSONAL INJURY—EXCESSIVE DAMAGES—APPEAL AND ERROR.

A judgment for $30,000 for personal injuries in a case involving beatings of plaintiff on two occasions by several police officers will not be disturbed on appeal on the ground that the amount is excessive; the amount allowed for pain and suffering must rest in the sound judgment of the trier of the facts.

Appeal from Wayne, Victor J. Baum, J. Submitted Division 1 June 5, 1973, at Detroit. (Docket No. 15298.) Decided September 27, 1973. Leave to appeal applied for.

Complaint by Gean Gibeault against the City of Highland Park for actual damages of $10,000 and exemplary damages of $100,000 resulting from assault and battery by police officers. Judgment in the amount of $30,000 actual damages, and no exemplary damages. Defendant appeals. Affirmed.

*Kutinsky, Davey & Solomon,* for plaintiff.

*Goodman, Modad, Teschendorf & Bell, P. C.,* and *George W. Moore,* for defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 22 Am Jur 2d, Damages § 276.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and WALSH,* JJ.

WALSH, J. Plaintiff instituted this action for damages due to an alleged assault and battery committed upon his person on April 28, 1968, at the Highland Park police headquarters by four of defendant's police officers. Plaintiff alleged in his complaint that as a result of this attack he was bruised and injured in and about his head and genitals. Plaintiff further claimed that he had endured great pain and suffering which had necessitated and would further necessitate medical treatment for alleviation of the injuries and suffering. Plaintiff's *ad damnum* clause sought actual damages of $10,000 and exemplary damages of $100,000.

The case was tried before a judge sitting without a jury. Plaintiff and a man who was his companion at the time of plaintiff's arrest alleged that defendant's police had beaten plaintiff after he was taken into custody following a high-speed automobile chase. Defendant's police officers testified that plaintiff was not beaten. The trial court, after making findings of fact, specifically stated that it did not believe the police officers and that plaintiff's testimony "rang true" and was corroborated in its essentials by the testimony of plaintiff's companion. The court then awarded actual damages in the amount of $30,000. The court declined, however, to award exemplary damages, reasoning that it would not be beneficial to impose the burden of exemplary damages upon the defendant city for improper conduct on the part of its employees.

Immediately following the court's decision,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff moved to amend the *ad damnum* clause to correspond with the court's award of actual damages. Defendant objected, but the court allowed it.

Subsequently, a hearing was held on defendant's motion for *remittitur* to $10,000 or, in the alternative, for a new trial. The motion was denied. Defendant has appealed raising two questions pertaining to the amount of damages.

First, defendant contends that the trial court was without authority to award a greater amount of actual damages than plaintiff requested in his *ad damnum* clause. As noted *supra,* plaintiff asked for only $10,000 in actual damages but was awarded $30,000 by the trial court.

The key to resolution of this issue is contained in the language of GCR 1963, 518.3 which provides:

"Demand for Judgment. A judgment by default shall not be different in kind from, or exceed in amount, that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

The language of GCR 1963, 518.3 is identical to that of FR Civ P, 54(c). The Federal courts have interpreted the rule in such a manner as to countenance an award of damages in excess of those the claimant requested in his pleadings. See for example, *Southwestern Investment Co v Cactus Motor Co,* 355 F2d 674 (CA 10, 1966); *Brown v Burr-Brown Research Corp,* 378 F2d 822 (CA 5, 1967).

Also, the authors of 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 632, in commenting upon GCR 1963, 518.3 state:

"In former Michigan practice it was said a judgment could not exceed the amount requested in the *ad damnum* clause, although in practice the problem might have been side stepped *[sic]* by permitting an amendment to conform the pleadings to the proofs. * * * The new rule makes it clear that except upon default judgment, the court has power to enter judgment in an amount greater than that demanded, if proved."

At first blush, the case of *Phillips v Rolston,* 376 Mich 264; 137 NW2d 158 (1965), might appear to mandate a holding to the effect that an award of damages cannot exceed the amount prayed for by a party in his complaint. In *Phillips* the question was whether the *ad damnum* clause could be amended in order to conform with the jury's award of damages. The trial court had allowed the amendment but had also granted defendant's motion for a new trial unless the plaintiff would agree to remit the amount by which the jury award exceeded the amount asked for in the original *ad damnum* clause. The plaintiff consented to the *remittitur* but the defendants appealed nonetheless. The Supreme Court concluded that the amendment of the *ad damnum* proofs were sufficient to support the amount after *remittitur* and so the case was affirmed. The Court spoke at length on the proposition of amending the *ad damnum* clause after verdict and disapproved such an amendment, stating:

"To allow the amendment of an *ad damnum* to conform with a jury's verdict in an amount in excess of the amount claimed would prejudicially and adversely affect the substantial right of the party against whom the award was made to defend against the award to the extent it was in excess of the *ad damnum.*

"While it may be true that the *ad damnum* not infrequently is grossly exaggerated, nonetheless it serves to limit the amount of the defendant's maximum

potential liability. Such limitation, as gross as it some-
times is, may well be pertinent to the trial strategy
adopted by a defendant. For example, a defendant
might be willing to concede liability provided damages
to be awarded by the jury are limited to a specified
amount. The *ad damnum* serves this function, at the
very least. Conceivably, a defense counsel engaged by
an insurance company to represent its insured might be
willing to concede liability within the policy limits but
not beyond. If the *ad damnum* is within those limits,
and if it effectively limits the defendant's potential
liability by jury verdict, such concession of liability
might well be made whereas no skilled attorney would
so much as consider such a concession if the extent of
liability were in practical fact not limited by the *ad
damnum.*" 376 Mich 264, at 268–269; 137 NW2d 158, at
160.

For some reason unbeknownst to us, the Court
did not make any reference whatsoever to GCR
1963, 518.3. It is precisely rule 518.3 which per-
suades us that an award in excess of the damages
prayed for in an *ad damnum* clause may be sus-
tained. While we will not speculate as to the
possible reasons why the Supreme Court did not
allude to GCR 1963, 518.3, we do conclude that the
existence of this rule justifies our distinguishing
the case of *Phillips v Rolston, supra,* from the
instant one.

We are persuaded by the thoughtful analysis of
GCR 1963, 518.3 by Judge R. B. BURNS in *Piatkow-
ski v Mok,* 29 Mich App 426; 185 NW2d 413 (1971).
There it was stated:

"The language of 518.3, in no uncertain terms, states
that a judgment must be based on what is proved
rather than on what is pleaded. To base a judgment
solely on what is pleaded totally ignores the word
'entitled' and the phrase 'even if' contained in GCR
1963, 518.3. The plain meaning of a general court rule
should not be ignored by this Court.

"We hold the plaintiff may recover a judgment in the amount of his provable damages irrespective of the *ad damnum* clause." 29 Mich App 426, at 428; 185 NW2d 413, at 415.

We therefore hold that the trial court did have authority to award a greater amount of actual damages than plaintiff had requested in his *ad damnum* clause.

Defendant next contends that the money judgment rendered by the trial court was excessive in that it was not supported by the evidence. We disagree.

Plaintiff testified that after he was taken into custody and handcuffed, three of defendant's police officers walked him to the police car, threw him against it, and kicked him in the groin, head, and back. He stated that the policemen then took him to the police station where he was beaten again. This beating allegedly entailed the grabbing of plaintiff's hair, bouncing his head against a wall, and kicks directed at his scrotum. This second beating lasted, according to plaintiff, for some 10 to 15 minutes.

Plaintiff testified that after these beatings he felt ill, could barely walk, and had severe pain in his head and scrotum. He remained incarcerated for one day. When he was released, he went to a physician due to the fact that he felt dizzy and had difficulty in walking.

Plaintiff further testified to the effect that he subsequently developed a hearing problem in his left ear. He stated that he went to an ear specialist who allegedly informed him that the problem had been caused by a blow to the head. This ear specialist allegedly drained some water from plaintiff's ear. Plaintiff contended that ever since then he hasn't been able to hear well.

Plaintiff stated that he paid the two aforementioned physicians about $50 each for their respective services. No expert medical testimony was ever produced however. Nor were any medical bills produced. At the time plaintiff testified, nearly three years after the beatings, he contended that he still had extreme difficulty in hearing. He stated that he had trouble walking for six months after the beatings and had large bruises which also lasted for about six months. Finally, plaintiff claimed that he lost his job at General Motors, where he had worked for three years, because of this incident.

The depositional testimony of one Michael J. McKeown, a companion of plaintiff at the time of the arrest, served largely to corroborate the fact that plaintiff had been beaten by defendant's police officers.

The trial judge awarded plaintiff $30,000 in actual damages. The trial judge's award included pain and suffering, medical expenses, humiliation and affront to sensibilities, psychological and mental anguish, and impairment to hearing in one ear. The court noted that there was no expert medical testimony, but also observed that plaintiff's testimony regarding his loss of hearing was unchallenged, undisputed, and unobjected to at trial.

In *Watrous v Conor,* 266 Mich 397, 401–402; 254 NW 143, 144–145 (1934), the Michigan Supreme Court stated:

"There is and can be no absolute standard by which we can measure the amount of damages in personal injury cases. Individual opinions may differ as to the correctness of awards, even those made by trial judges. It has yet to be determined whether the judgment of a one-man jury is sounder than that of 12. The parties seemed to prefer the judgment of one and waived a jury. Now appellant suggests that the judgment of eight

is better than either method. Adopting defendant's contention that, at best, the showing here is only one of pain and suffering; plus expenses for medical services and hospitalization attention, we still prefer our rule stated in the case of *Weil v Longyear,* 263 Mich 22 [248 NW 536 (1933)], that the amount allowed for pain and suffering must rest in the sound judgment of the trier of the facts. Assuming even that our verdict might be in a different amount, we are loath to disturb verdicts for personal injuries on the ground that the amount is excessive. *Cawood v Earl Paige & Co,* 239 Mich 485 [214 NW 402 (1927)]. We do not substitute our judgment on this question unless a verdict has been secured by improper methods, prejudice or sympathy. *Michaels v Smith,* 240 Mich 671 [216 NW 413 (1927)]. No such showing has been made, nor were the verdicts so great as to shock the judicial conscience. *Sebring v Mawby,* 251 Mich 628 [232 NW 194 (1930)]."

So too, in the instant case, we will not substitute our judgment for that of the trial court.

Affirmed.

All concurred.