## PRECOPIO v CITY OF DETROIT

Docket No. 78-2336. Submitted April 5, 1979, at Detroit.—Decided December 10, 1979. Leave to appeal applied for.

Robert Precopio was injured when an automobile owned by him and his wife was struck in the rear by a DSR bus operated by an employee of the City of Detroit. Mr. Precopio was the sole occupant of the automobile at the time of the collision. Subsequently, Mr. and Mrs. Precopio brought an action against the City of Detroit for damages for personal injuries. The matter was tried before a trial judge sitting without a jury. Plaintiff Robert Precopio was awarded damages in the amount of $436,-085 and a judgment of no cause of action was entered as to plaintiff Vaughna K. Precopio on her collateral claim for damages for loss of consortium, Wayne Circuit Court, Charles Kaufman, J. The trial court later denied the defendant's motion for a new trial and granted the plaintiffs' motion to amend the *ad damnum* clause of the complaint. The defendant appeals, alleging that 1) the court's finding of liability was against the clear preponderance of the evidence, 2) the amount of damages awarded was excessive, and 3) the trial court erred in allowing the amendment of the *ad damnum* clause to conform to the court's finding. *Held:*

1. In a bench trial, the judge's finding of fact is "clearly erroneous" when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made. There was sufficient evidence to support the inference of the defendant's negligence. There was no error on this issue.

2. The defendant has failed to demonstrate that the judge's decision was based on improper conduct by plaintiff Robert Precopio, prejudice or sympathy. Nor does the amount of

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*
[2, 3] 22 Am Jur 2d, Damages §§ 109, 367.
[2] 22 Am Jur 2d, Damages § 299.
[3, 5] 5 Am Jur 2d, Appeal and Error § 836.
[4] 22 Am Jur 2d, Damages § 276.

damages shock the judicial conscience. There was no error in the size of the award.

3. Under the present rules, a party is allowed to recover an amount in excess of that originally requested in the *ad damnum* clause. The plaintiff must seek an amendment to the pleadings and the award must have been supported by the evidence. Here the plaintiffs sought an amendment and it was fully considered by the court before it was granted. The award was supported by the evidence.

Affirmed.

M. F. CAVANAGH, J., dissented. He would hold that the amount of damages awarded was clearly excessive in light of the evidence on damages presented at trial and is shocking to the judicial conscience. He would reverse and remand for a new trial.

### OPINION OF THE COURT

1. APPEAL AND ERROR — FINDINGS OF FACT — BENCH TRIAL.

A finding of fact by a court sitting in a bench trial is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed (GCR 1963, 517.1).

2. DAMAGES — EXCESSIVE DAMAGES — PAIN AND SUFFERING.

The size alone of an award for damages for pain and suffering does not make the award excessive, nor does a difference of opinion with respect to the value of an injury necessarily indicate that a lower value is correct.

3. DAMAGES — EXCESSIVE DAMAGES — PAIN AND SUFFERING — APPEAL AND ERROR.

Allowance for pain and suffering rests in the sound discretion of the trier of the facts and a verdict therefor which has not been secured by improper methods, prejudice or sympathy and which is not so great as to shock the judicial conscience will not be disturbed on appeal.

4. DAMAGES — PLEADING — AD DAMNUM CLAUSE — COURT RULES.

A plaintiff is allowed to recover an amount in excess of that originally requested in the *ad damnum* clause of his complaint; however, the plaintiff must seek an amendment to the pleadings and the award must be supported by the evidence (GCR 1963, 518.3).

DISSENT BY M. F. CAVANAGH, J.

5. DAMAGES — EXCESSIVE DAMAGES — APPEAL AND ERROR.

> The Court of Appeals should not substitute its judgment for that of the factfinder as to the amount of an award for damages unless, after the Court of Appeals has reviewed the facts and criteria that are available, the amount of damages awarded is grossly disproportionate to the evidence and is shocking to the judicial conscience.

*Zeff & Zeff,* for plaintiffs.

*Roger E. Craig,* Corporation Counsel, and *Ronald W. Rice,* Assistant Corporation Counsel, for defendants.

Before: T. M. BURNS, P.J., and M. F. CAVANAGH and MACKENZIE, JJ.

PER CURIAM. The plaintiffs, Mr. and Mrs. Robert Precopio, brought this action against the City of Detroit to recover for injuries sustained when a DSR bus struck the rear of plaintiffs' car. Mr. Precopio was the sole occupant of the car at the time of the collision. Trial was to the court without a jury. The court found in favor of Mr. Precopio and awarded damages of $436,085. A judgment of no cause of action was entered as to Mrs. Precopio for a failure of proof. The trial court subsequently denied the city's motion for a new trial and granted plaintiffs' motion to amend the *ad damnum* clause of the complaint.

I

The city first claims that the court's finding of liability is against the "clear preponderance of the evidence". The standard under which appellate courts review a trial court's finding is the clearly erroneous standard of GCR 1963, 517.1. Under this standard, " '[a] finding is "clearly erroneous" when

although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed' ". *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976), quoting *United States v United States Gypsum Co,* 333 US 364, 395; 68 S Ct 525; 92 L Ed 746 (1948).

In ruling on defendant's motion for new trial, the court stated this was a relatively simple rear end collision. Giving due deference to the trial court's superior position to judge credibility, we are constrained to agree. The court's conclusion that plaintiff had been sitting at a red light for at least three seconds before being struck by the bus is sufficient to support the inference of negligence. We find no error in this issue.

## II

By far, the more difficult issue is raised by the city's claim that the damages awarded were excessive. A large percentage (approximately 92%) of the award is for prospective damages. $375,000 was allocated to compensate plaintiff for past, present and future pain and suffering. We agree that the award is a large one, but the size of the award alone does not make it excessive. The rules we must apply were well stated in *Watrous v Conor,* 266 Mich 397, 401-402; 254 NW 143 (1934):

"There is and can be no absolute standard by which we can measure the amount of damages in personal injury cases. Individual opinions may differ as to the correctness of awards, even those made by trial judges. It has yet to be determined whether the judgment of a one-man jury is sounder than that of 12. The parties seemed to prefer the judgment of one and waived a jury. Now appellant suggests that the judgment of eight is better than either method. Adopting defendant's

contention that, at best, the showing here is only one of pain and suffering, plus expenses for medical services and hospitalization attention, we still prefer our rule stated in the case of *Weil v Longyear*, 263 Mich 22 [248 NW 536 (1933)], that the amount allowed for pain and suffering must rest in the sound judgment of the trier of the facts. Assuming even that our verdict might be in a different amount, we are loath to disturb verdicts for personal injuries on the ground that the amount is excessive. *Cawood v Earl Paige & Co*, 239 Mich 485 [214 NW 402 (1927)]. We do not substitute our judgment on this question unless a verdict has been secured by improper methods, prejudice or sympathy. *Michaels v Smith*, 240 Mich 671 [216 NW 413 (1927)]. No such showing has been made, nor were the verdicts so great as to shock the judicial conscience. *Sebring v Mawby*, 251 Mich 628 [232 NW 194 (1930)]."

Defendant has failed to demonstrate that the judge's decision was based on improper conduct by plaintiff, prejudice or sympathy. Nor are we willing to say that the amount of the award shocked our collective judicial conscience.

Insofar as defendant argues that the size of the mediation panel's suggestion and the amount which would have been acceptable in settlement as set out in plaintiffs' pretrial statement are evidence of an excessive judgment, the short answer is these amounts were never accepted by both parties. What defendant fails to recognize is that differences of opinion with respect to the value of an injury do not necessarily indicate that the lower value is correct. The judge's assessment came after a full trial. This evaluation was, in time, when the severity and possible permanency were subject to a greater degree of proof. We find no error in the size of the award.

### III

When the complaint was originally filed in 1973,

plaintiffs sought $200,000 as full compensation for their injuries. Defendant claims error in allowing an amendment to the *ad damnum* clause to conform with the court's finding.

Under the present rules, a party is allowed to recover an amount in excess of that originally requested in the *ad damnum* clause. GCR 1963, 518.3. *Gibeault v Highland Park,* 49 Mich App 736; 212 NW2d 818 (1973), *aff'd* 391 Mich 814; 217 NW2d 99 (1974). The plaintiff must seek an amendment to the pleadings and the award must have been supported by the evidence. *Gibeault v Highland Park, supra, Tomei v Bloom Associates, Inc,* 75 Mich App 661; 255 NW2d 727 (1977).

In this case plaintiffs sought an amendment and it was fully considered by the court before it was granted. In line with our holding on the previous issue, we conclude that the award was supported by the evidence.

Affirmed. Costs to appellee.


M. F. CAVANAGH, J. *(dissenting).* I agree with the majority's evaluation that the defendant's excessive damage claim is the only issue of merit. The amount of damages awarded here in a nonjury trial, however, shocks my judicial conscience and I cannot affirm the award.

Plaintiffs' counsel has argued that where, as here, there is some 33 years of life expectancy, the amount of special damages is unimportant. I disagree. They should by no means control, but they are important. They provide the trier of fact and an appellate court with objective criteria upon which a fair and just award might be based. It is after a thorough review of these special damages and all the testimony that I conclude the judgment of the trial court should be reversed.

The court below described this accident as a "relatively simple" rear-end collision. Although liability was closely contested, the trial court found that defendant's bus struck the rear of plaintiffs' vehicle, causing some $600 in property damage. This amount of property damage cannot be termed inconsequential, but by the same token, can hardly be classified as extensive.

For the some five years intervening between the accident and the date of trial plaintiff Robert Precopio periodically was treated by his physician, incurring a bill for medical treatment in the amount of $535. He expended, at the rate of $8 to $10 per month, another $550 for medication during the same period. No hospitalization was ever required.

From the date of accident until the time of trial, Robert Precopio's hourly wage rose in stages from $4.49 to $7.01. He claimed his injuries prevented him from working from October 3, 1972, to June 19, 1973, some eight months. He worked from June 19, 1973, to January 14, 1975, when he again missed eight more months of work. Thereafter, in 1976, he missed approximately three months, returned to work on October 22, 1976, and was working through the time of trial. Robert Precopio alleged all of the time missed was due to this accident and estimated some $31,400 in wages were lost.

Based upon the foregoing, the trial court awarded this plaintiff Robert Precopio the sum of $436,085. This was computed as follows:

| Property Damage | $ | 650 |
|---|---|---|
| Past Medical | | 535 |
| Past Wage Loss | | 31,400 |
| | | |
| Future Wage Loss | $ | 20,000 |
| Future Medications | | 8,500 |
| | | 61,085 |
| | | |
| Past and Future Pain and Suffering | | $375,000 |
| | | |
| Total Award | | $436,085 |

Based on this categorization of Robert Precopio's award, it is apparent that at least part of the computation of the special damages is faulty. Despite Robert Precopio's testimony that for five years he expended roughly $8 to $10 per month for medication and a total of $535 for medical treatment, he was only compensated for the cost of treatment. However, $8,500 was awarded for future medications. Therefore, if this latter amount represents the same yearly average cost of medications as was incurred in the five years prior to trial, then Robert Precopio would be assured of receiving these costs for the next 85 years. Even if the designated future medications award also includes the projected costs of medical treatment based on the pretrial average, he would still receive the same yearly averages for both categories for the succeeding 42-1/2 years. It has been pointed out that his life expectancy was only 33 years. But, more importantly, there was no evidence submitted to establish that his costs in these areas would remain constant in the future. On the contrary, his expert's testimony suggested that these costs would decline.

I am not unaware of the lack of objective standards which would enable an appellate court to fix

with accuracy the limits of excessiveness. It is for this very reason that such wide latitude is afforded the judgment of the trier of fact. We ought not to substitute our judgment for that of the factfinder unless, after we have reviewed the facts and criteria that are available, the amount of the award is grossly disproportionate to the evidence and shocks us. See *Tuttle v Dep't of State Highways,* 397 Mich 44; 243 NW2d 244 (1976), *Watrous v Conor,* 266 Mich 397; 254 NW 143 (1934), *Haidy v Szandzik,* 46 Mich App 552; 208 NW2d 559 (1973).

Plaintiff Robert Precopio's doctor diagnosed the accident-related injuries to plaintiff as an acute dorsal-cervical sprain with recurrent pain, as well as fibromyositis, inflammation of the muscle and fibrous tissue formation. The medical treatment that Robert Precopio received for the five years following the accident consisted of the periodic application of heat to the back of his neck accompanied by various medications to relax muscles and diminish pain. Robert Precopio's doctor would not testify positively that the injuries were permanent; his most encouraging response for plaintiff Robert Precopio's case in this regard was, "[p]erhaps". As to whether there was permanent damage to Robert Precopio's muscular tissue, his doctor stated: "At that time [of the accident] I think he had damage to his musculature. I think in time he will have healed up." Accordingly, the doctor testified that he had indicated that Robert Precopio could return to work on June 19, 1973. And, the doctor further testified that a severe injury of the type which Robert Precopio complained of would affect a person's reflexes; however, upon examination on the date of the accident, Robert Precopio's reflexes were normal. It should also be noted that the trial court awarded no damages to

plaintiff Vaughna Precopio for her loss of consortium claim. In light of these factors, I must conclude that the trial court's award to plaintiff Robert Precopio was shockingly excessive. Compare the cases compiled in Anno: *Excessiveness or adequacy of damages awarded to injured person for injuries to head or neck,* 11 ALR3d 370, 590.

Moreover, there are additional facts which, while they are not determinative, may assist in the evaluation of the award. Plaintiff Robert Precopio's pretrial settlement demand amounted to $35,000; and the figure sought by him at trial, as evidenced by his *ad damnum* clause, was $200,000, even though his counsel requested $1,750,000 in final argument. (It was some eight months after trial, following announcement of the trial court's award, that Robert Precopio moved to amend his *ad damnum* clause upward.) A mediation board had also previously determined the damages to be $14,500. *Haidy v Szandzik, supra,* at 556. See *Tomei v Bloom Associates, Inc,* 75 Mich App 661; 255 NW2d 727 (1977).

For these reasons, I am persuaded the award below was excessive and clearly erroneous. I would reverse and remand for a new trial.